# HERMAN SILVER

## *v.*

# THE PEOPLE *ex rel.* WILLIAM F. WHITMORE.

1. CONSTITUTIONAL LAW — *general power of the legislature over the public records.* The legislature has unquestionable authority to authorize any person to transcribe public records, for such purposes as it may deem the public interests to require, and, to that end, grant free access to all offices wherein such records are kept.

2. MANDAMUS — *in proceedings by — ordinary rules of pleading applicable — the writ standing as the declaration, and the return as the answer.* The princi-

ples and rules of pleading in civil actions, are applicable in proceedings by mandamus, the alternative writ standing in the place of the declaration, to which the return is an answer.

3. Same — *the return — plea in abatement waived — by plea to the merits.* Where a defendant in his return to a writ of mandamus sets forth matter in abatement, and also sets up facts in defense upon the merits, and asks judgment upon the merits, he thereby waives the plea in abatement and elects to try the cause upon the merits.

Appeal from the Circuit Court of La Salle county; the Hon. Edwin S. Leland, Judge, presiding.

This was an application to the court below for a writ of mandamus, in the name of the people of the State of Illinois, on the relation of William F. Whitmore against Herman Silver, the clerk of the Circuit Court of La Salle county, and *ex officio* recorder of deeds, to compel him to allow the relator access to his office and the records thereof, for the purpose of transcribing the same, in conformity to a resolution of the board of supervisors of Grundy county.

Mr. O. C. Gray and Messrs. Glover, Cook & Campbell, for the appellant.

Messrs. Bushnell & Avery and Mr. John B. Rice, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The legislature, by an act approved February 12, 1855, authorized the board of supervisors of Grundy county to provide suitable books, and to cause to be transcribed therein, such portions of the records of La Salle county as relate to lands now embraced within the limits of Grundy county, and to employ a suitable person to transcribe said records. The county of Grundy was formerly a part of La Salle county. Acting under the authority of this law, the board of supervisors of Grundy county, in November, 1866, appointed a committee with authority to employ a suitable person to do said work, and said committee employed William T. Whitmore, the relator

herein.   He applied to Herman Silver, the circuit clerk and *ex officio* recorder of La Salle county, for access to his office and the records thereof, showing to him the proceedings of the board.   Silver refused to permit him to transcribe the records, whereupon Whitmore applied to the Circuit Court of La Salle county for a writ of mandamus.   Silver made a return, denying that the matters set forth in the alternative writ were sufficient in law to entitle the relator to a peremptory writ, which part of the return was treated by the court and counsel as a demurrer to the alternative writ.   The return further set forth, that an alternative writ of mandamus had been sued out of this court upon a similar petition, which was still pending and undetermined.   It further set forth, that the recorder's office of La Salle county was small, and that it could not be occupied by any person besides the respondent and his deputies, without serious inconvenience to them and the inhabitants of La Salle county in transacting their business in the office.   The return further states the readiness of the respondent to make copies of deeds for the inhabitants of Grundy county, and denies that the act of the legislature confers upon Whitmore any authority to enter his office for that purpose.

The court on motion quashed that portion of the return which set up the pendency of a like suit in this court by way of plea in abatement, overruled the demurrer to the alternative writ, and holding the residue of the return immaterial, awarded a peremptory writ.   The respondent appealed.

As to the main question in this controversy we entertain no doubt.   The respondent errs if he supposes he has an exclusive vested right to make copies of the records beyond the reach of legislative enactment.   The legislature has the undoubted power to authorize any person it may see proper to have free access to a recorder's office for the purpose of transcribing the records for such purposes as it may deem the public interests to require.   In the case before us the people of Grundy county were entitled to a copy of the records affecting lands in their county, and the legislature thought proper to authorize their board of supervisors to appoint their own agent to make these

copies, instead of requiring them to employ the recorder of La Salle.   His right to have access to the office and books, though not given in express terms, is given by the plainest implication. If it lead to some inconvenience to the respondent and his deputies, or to persons doing business with them, the inconvenience must be borne.   But we are unable to see how it will be any greater from permitting the agent of Grundy county to write in the office, than it would be from the employment by the respondent of an additional deputy to do the work, which he says in his return would require the constant labor of one man from four to six months.   It is suggested that the respondent has given bond for the safe keeping of his records, but we need hardly say, that he will not be responsible for the acts of the agent of Grundy county under this law.

There are some other points made by the counsel of appellant in which they can place no confidence, and which we do not deem it necessary to discuss.   The only question upon which we have had any doubt is, whether the court did not err in striking from the return that part of it which was designed as a plea in abatement.   On consideration, however, we perceive no reason why the ordinary rules of pleading should not be applied to this proceeding.   The alternative writ stands in the place of a declaration to which the return is an answer.   The pendency of another suit for the same purpose would probably be a good plea in abatement, but the respondent cannot rely upon that plea, and at the same time ask the judgment of the court upon the merits of the controversy, by setting up the facts upon which he relies as showing that upon the merits a peremptory writ should not issue.   By adopting this course, he submits his cause to the judgment of that tribunal, and waives his plea in abatement.   He elects, in fact, to have that court try the cause upon its merits, that he may plead its judgment, if in his favor, in bar of further proceedings in the suit pending before another tribunal.

We find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*