# THE PEOPLE *ex rel.* Chicago and Iowa Railroad Co.

*v*

## JAMES F. GLANN *et al*

1. MANDAMUS—*practice under act of* 1872. Under the Practice act of 1872, the petition, in the case of a *mandamus*, takes the place of the alternative writ, becomes the foundation of all subsequent proceedings, and must, consequently, be governed by the same rules of pleading as are applicable to declarations in other cases at law.

2. SAME—*lies only in case of a clear right.* A writ of *mandamus* will be awarded only in a case where the party applying for it shows a clear right to have the thing sought by it done, and by the person or body sought to be coerced.

3. SAME—*petition.* The petition for a *mandamus* must show on its face a clear right to the relief demanded, and it must distinctly set forth all the material facts on which the relator relies, so that the same may be admitted or traversed.

4. PLEADING—*as to condition precedent.* Where the consideration of the defendant's contract is executory, or his performance is to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, or must show some excuse for the non-performance.

5. SAME—*allegation of performance.* Where a right claimed is dependent upon the performance of conditions precedent, it is not sufficient to state a performance in all things generally, but the pleader should allege specially that each condition was performed and the manner of its performance.

6. MUNICIPAL SUBSCRIPTION—*may be made upon conditions.* Although the law authorizing a municipal subscription to a railway company may

be silent on the subject, yet the municipality voting may lawfully impose conditions upon which the subscription is to depend, and the corporate bonds to be issued, and until such conditions are complied with, the courts will not compel the issuing and delivery of the bonds by *mandamus.*

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was a petition for a *mandamus,* filed by the Chicago and Iowa Railroad Company against James F. Glann, supervisor of Squaw Grove township, and others, to compel the issue and delivery of the bonds of the township, to the amount of $25,000, in pursuance of a vote of the people. The opinion of the court states the necessary facts of the case to a clear understanding of the opinion delivered.

The court sustained a special demurrer to the petition.

Mr. E. WALKER, and Mr. J. H. CARTWRIGHT, for the plaintiff in error.

Mr. R. L. DIVINE, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

By the 10th section of the acts relating to practice in courts of record, in force July 1st, 1872, in cases of *mandamus,* the petition takes the place of the alternative writ, becomes the foundation of all subsequent proceedings, and must, consequently, be governed by the same rules of pleading as are applicable to declarations in other cases at law.

It has been repeatedly said by this court, that the writ of *mandamus* is only to be awarded in a case where the party applying for it shall show a clear right to have the thing sought by it done, and by the person or body sought to be coerced. *People, etc. v. Forquer,* Breese, 104; *People v. Hatch,* 33 Ill. 9; *People v. Mayor, etc.,* 51 id. 28.

The petition must show on its face a clear right to the relief demanded by the relator. He must distinctly set forth all the material facts on which he relies, so that the same may be admitted or traversed. *Canal Trustees* v. *The People*, 12 Ill. 254.

It is a familiar principle of pleading, that when the consideration of the defendant's contract is executory, or his performance is to depend on some act to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of such condition precedent, or must show some excuse for the non-performance. 1 Chitty's Plead. 352.

The petition for the election, and notice thereof, in the case before us, show that the bonds to be issued in payment of the contemplated subscription, were upon the following express conditions: that said bonds are "not to be dated, issued or delivered until said company shall have located their said line of railroad to run within one-half mile of the center of said town, and shall have constructed their said road from the city of Aurora, in Kane county, into and through said town, and laid the track for the same with a 'T' rail, weighing not less than fifty (50) pounds to the yard, the same to be done on or before December 31, 1870; and shall locate a depot in said town, one and three-quarter miles (1¾) from the center thereof; and when these conditions are complied with by the company, it shall be the duty of the supervisor and town clerk of said town to immediately issue, and deliver to the president of said railroad company, bonds of said town, in such form and denominations as may be agreed upon by the parties, to the full amount of $25,000, in pursuance of the provisions of said act, and another act now in force, entitled 'An act to fund and provide for paying the railroad debts of counties, townships, cities and towns.'"

That the town had authority to impose these conditions, notwithstanding the law authorizing the subscription is silent upon the subject, was held in *People* v. *Dutcher*, 56 Ill. 145, and is not now attempted to be questioned.

There is no averment in the petition that the relator has located a depot in the town of Squaw Grove, one and three-quarters miles from the center thereof, or at any other point. The words, "in all things fully complying with the conditions of the vote and notice of election," succeeding the statement of locating and constructing the road through the town, merely state the conclusion of the pleader, and do not properly show a performance of the conditions. The rule is, in general, whatever is alleged in pleading, must be alleged with certainty. It should, therefore, have been specially alleged that each condition was performed, and the manner of its performance. Stephens on Pleading, (9 Am. Ed.) 333.

There is, moreover, a stipulation in the record, by which this admission is made: "That at the time of the alleged tender of stock by said railroad company, no depot had been located in said town, so far as the people of said town were informed and advised; and that D. B. Waterman, a director of said company, made said alleged tender and demand, and at the same time said to said supervisor and town clerk, that he was not at liberty to state where said depot was located."

This was a material condition in the liability to be assumed by the town; and it was, doubtless, the assurance of its performance which chiefly induced the electors to vote in favor of the subscription, as the building of the road through the town could be of but slight, if any, benefit to its citizens, unless a depot should be so located as to accommodate their interests. The condition was to be performed by the relator, and it was incumbent on it to show its performance, and not on the defendant to show that it had not been performed.

We see no error in the ruling of the court below in sustaining the demurrer, and its judgment is therefore affirmed.

*Judgment affirmed.*