FRANCIS LAVALLE

*v.*

CLOVIS SOUCY.

*Filed at Mt. Vernon November 4, 1880.*

1. MANDAMUS—*petition must show a clear right.* A writ of *mandamus* will be awarded *only* in a case where the party applying for it shows a clear right to have the defendant do the thing which is sought to be compelled to be done. The petition must show, upon its face, a clear right to the relief demanded, and every material fact on which the petitioner relies, must be distinctly set forth.

2. Where a petition for a *mandamus*, by a supervisor of Cahokia Commons, against his predecessor, alleged that at the time of the election of the petitioner, and prior thereto, the defendant "had possession and control of all the books, papers and moneys belonging to the said Commons," which he refused to deliver over to the petitioner on demand, but failed to state that there were any books, papers and moneys belonging to the Commons, it was held that the petition was bad on demurrer.

3. SAME—*supervisor must pay moneys to the trustees.* The supervisor of the Cahokia Commons is required, by statute, to pay over certain moneys in his hands to the trustees of the village of Cahokia, and not to his successor in office, so it did not appear that the petitioner was entitled to receive from his predecessor in office moneys in his hands, if any there were.

APPEAL from the Appellate Court for the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and Hon. JAMES C. ALLEN and Hon. DAVID J. BAKER, Justices;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. M. MILLARD, Mr. R. A. HALBERT, and Mr. C. F. NOETLING, for the appellant:

A writ of *mandamus* will be awarded only in a case where the party applying for it shows a clear right to have the thing sought by it done by the person or body sought to be coerced. *The People* v. *Glann*, 70 Ill. 232.

It will not lie where the right thereto does not clearly appear. *The People* v. *Cline*, 63 Ill. 394; *The People* v. *Fowler*, 55 N. Y. 252.

And the petition must show such right. *The People* v. *Huntoon*, 71 Ill. 536; Tapping on Mand. 320.

It will not issue where the demand has been made by the wrong person. *School Directors* v. *The People*, 79 Ill. 511.

The mandatory clause should be in conformity with the legal obligation of the respondent, and if it exceeds the limits of such legal obligation, it is void. *Chance* v. *Semple*, 1 Iowa, 179.

The supervisor has no right to call upon his predecessor for a settlement of accounts, or to demand or receive any money from him. His duty is to pay all moneys, received for rents, to the school trustees, who are, in turn, to account to the inhabitants annually. Sess. Laws 1841, pp. 65, 66; *School Directors* v. *The People*, 79 Ill. 511.

Mr. JAMES M. DILL, for the appellee:

The petition sets out a good cause of action, and the facts are all admitted by the demurrer. *Mandamus* is the proper remedy. *The People, etc.* v. *Head*, 25 Ill. 325; *The People, etc.* v. *Kilduff*, 15 id. 492.

The statute gives this action, although there may be other remedies. Rev. Stat. 1874, ch. 87, § 9, p. 692.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is a petition for *mandamus*, filed in the circuit court of St. Clair county, by Soucy, stating that he was elected

supervisor of the village of Cahokia Commons, and qualified as such, and at the time of his election, and for several years prior thereto, Lavalle had held that office, and as such officer had "possession and control of all the books, papers and moneys of said Commons," and that, notwithstanding the expiration of his term, and the fact that he was no longer entitled to the possession of such books, papers and moneys, Lavalle refused and still refuses to deliver the same to the possession and custody of the petitioner.

It is also alleged in the petition that the petitioner demanded, in writing, from Lavalle the possession of such books, papers and moneys, on the 27th of March, 1878, and that Lavalle refused to comply.

Lavalle appeared and demurred to this petition. The circuit court overruled the demurrer, awarded the writ of *mandamus* as sought, and gave judgment against Lavalle for the costs. From this judgment he appealed to the Appellate Court for the Fourth District, where that judgment was affirmed, and Lavalle appeals to this court.

The only question presented is, the sufficiency of the petition. Appellant insists that the demurrer should have been sustained. The petition is clearly insufficient. A writ of *mandamus* will be awarded *only* in a case where the party applying for it shows a clear right to have the defendant do the thing which he is sought to be compelled, by *mandamus*, to do. *The People* v. *Glann*, 70 Ill. 232. The petition must show, upon its face, a clear right to the relief demanded, and every material fact on which the petitioner relies must be distinctly set forth.

This petition alleges that Lavalle, at the time of the election of petitioner, and prior thereto, "had possession and control of all the books, papers and moneys, *belonging* to the said Commons," but there is no direct allegation that there were any books, papers or moneys belonging to the said Commons. Nor does it appear, from any statute, that the supervisor was entitled to the custody of all the books, papers and moneys

belonging to the Commons of the village of Cahokia. We find no statute, and we are referred to none, requiring such supervisor to deliver to his successor the books, papers or money belonging to Cahokia Commons. It devolves upon Soucy to show that, in fact, there were certain books, etc., in the custody of Lavalle, and that petitioner was, by law, entitled to the same. As to certain moneys, the supervisor is required, by statute, to pay them over to the *trustees* of the village of Cahokia, if he has such moneys in his hands. The petitioner, as successor to Lavalle, was not entitled to such moneys, if any, belonging to Cahokia Commons, in the custody of Lavalle. The judgment, in this case, required him to pay over such moneys to the petitioner. Upon that ground, if upon none other, the judgment was clearly erroneous, and must be reversed.

*Judgment reversed.*