THE PEOPLE EX REL., ETC.,

V.

CLOVIS SOUCY.

26 505!
73 128|

Mandamus—*Petition—What Must Appear—Jurisdiction—City Court of East St. Louis—Validity of Judgment—Village of Cahokia—Supervisor.*

1. A writ of *mandamus* will not be awarded unless the petition upon its face shows a clear right to have the defendant compelled to do the act which it is sought to have him ordered to perform.

2. The petition for *mandamus* must set forth every material fact on which the petitioner relies.

[Opinion filed January 4, 1888.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

This proceeding was instituted to compel appellee, as Supervisor of the village of Cahokia, to pay a judgment alleged to have been recovered against said village by the relator, whose petition is as follows:

"James L. Brackett, petitioner, represents that on the 6th day of October, 1886, he recovered a judgment against the village of Cahokia in said county, for the sum of twelve hundred and thirty dollars, in the City Court of East St. Louis, which is still in force and unsatisfied; that Clovis Soucy, the defendant, claims to be and is acting as Supervisor of said village; that as such Supervisor the defendant has funds in his hands belonging to said village with which to pay said judgment, and which should be applied in paying the same;

that on the 22d day of January, 1887, the petitioner caused a transcript of said judgment to be presented to the defendant, and a demand made upon him to pay the same, but the defendant refused and still refuses so to do. Therefore petitioner prays that the defendant be summoned to answer this petition, and that a peremptory writ of *mandamus* issue commanding him to forthwith pay said judgment, and that such other order be made in the premises as justice shall demand."

The defendant's demurrer was overruled at the February term, 1887, and the cause was continued.

At the May term following, the case was tried by the court, as the bill of exceptions states, "Upon the petition, stipulation of the parties, and the transcript of the judgment."

On the trial the plaintiff asked that the following propositions be held by the court to be the law, but the court refused so to hold.

1. "That the judgment of the plaintiff against the village of Cahokia is valid, and its payment can be enforced by *mandamus* against the defendant.

2. "That the defendant being the custodian of the village funds and its disbursing officer, he is the proper party to be compelled by *mandamus* to pay the judgment in question."

The stipulation mentioned is as follows: "The defendant desires to raise the following questions by way of defense to said petition:

"1. Had the City Court of East St. Louis any jurisdiction over the village of Cahokia at the time of rendition of judgment set up in the petition?

"2. Has the court power by this proceeding to compel payment of a judgment *in esse* in the City Court of East St. Louis?

"3. Will this action lie against defendant as Supervisor of the village of Cahokia? Should not the proceeding be against the School Trustees?

"4. Was the judgment mentioned in the petition a valid one, the defendant, who was Supervisor at the time of its rendition, not having been served with process, and having no

The People v. Soucy.

knowledge of such suit pending in said court until after the term at which it was rendered had adjourned?

"And it is stipulated that any facts not disclosed by the petition may be proved by evidence to be introduced upon the hearing without further pleading."

By the transcript read in evidence it appears summons in suit of James L. Brackett v. The Village of Cahokia issued out of the City Court of East St. Louis, and was duly served upon McCrackin, as Supervisor of said village, August 13, 1886; that the declaration was in assumpsit and contained the common counts only; that on September 22, 1886, the defendant, by its attorney, filed its plea of non-assumpsit to said declaration, and on October 1, 1886, the cause was tried by the court, a jury having been waived by the parties, who appeared by their respective attorneys, and the court, after hearing the evidence and arguments, found the issue for the plaintiff and rendered judgment on the finding for $1,230 and costs.

This was all the evidence introduced, whereupon the court dismissed the petition and entered judgment for costs against the relator, who brings the case here by appeal.

Mr. M. MILLARD, for appellant.

Mr. L. H. HITE, for appellee.

GREEN, P. J. Much space of the printed arguments on behalf of both appellant and appellee is devoted to discussing the question: Is the judgment of the City Court of East St. Louis, mentioned in the petition, a valid judgment?

It is not necessary to a decision of this case to determine this question. If it be conceded said judgment is valid, yet if it also appears by the record no case was made by appellant entitling him to the peremptory writ prayed for, it was properly denied by the court below. A peremptory writ of *mandamus* being an order requiring prompt and exact compliance with its terms, and the consequence of disobeying it being to place the defendant in contempt and make him liable to severe penalties, courts uniformly require that the petition, upon its face, shall show a clear right to have the defendant compelled

to do the act which the petitioner prays he shall be ordered to perform.

In Lavalle v. Soucy, 96 Ill. 467, the petition averred Soucy was elected Supervisor, qualified as such, and at the time of his election and prior thereto, Lavalle had held that office, and as such officer so had possession and control of all the books, papers and moneys of said commons; that notwithstanding the expiration of his term and the fact that he was no longer entitled to the possession of such books, papers and moneys, Lavalle refused and still refuses to deliver the same to the possession and custody of the petitioner. It was also alleged that petitioner demanded in writing of Lavalle the possession of such books, papers and moneys, and that Lavalle refused to comply.

A demurrer to this petition was overruled in the Circuit Court, and in reversing the order and judgment there rendered the Supreme Court say: "The petition is wholly insufficient; a writ of *mandamus* will be awarded *only* in a case where the party applying for it shows a clear right to have the defendant do the thing which he is sought to be compelled by *mandamus* to do; the petition must show upon its face a clear right to the relief demanded, and every material fact on which the petitioner relies must be distinctly set forth;" and it is further said: "In this case there is no direct allegation there were any books, papers or moneys belonging to the said commons."

Numerous decisions of our Supreme Court prior to and succeeding the case cited above, announce and hold the same rule, that the petition for *mandamus* should set forth and show on its face a clear right to the writ. Tested by this rule, the petition in this case is manifestly defective. It does not aver the material fact that it was the duty of defendant, or that he had the lawful right or authority to apply funds in his hands as Supervisor to pay said judgment, nor was any proof offered under the clause of said stipulation that any facts not disclosed by the petition may be proved by evidence to be introduced upon the hearing without further pleading; hence, if that clause was inserted to enable petitioner to heal any in-

firmity in the petition or supply a defect on the face of it by proof of a material fact not averred, the purpose was defeated by the failure to introduce such proof. Counsel for appellant refer us to section 8 of the Act of 1874, Laws of 1874, p. 67, to show that by said section defendant was made custodian of the funds and the disbursing officer of said village. On examination, such does not appear to be the case, but by said section he is made custodian of money derived from leasing or selling the commons of the village of Cahokia, and it does not appear he has the power, or that it is his duty to act as a disbursing officer.

We desire further to say, that, while we deem it unnecessary to pass on the question of the validity of the judgment rendered by the City Court of East St. Louis, we do not wish to be understood as holding that the village of Cahokia could not give that court jurisdiction of it as a party to a suit, by appearing by its duly authorized attorney in that court, filing a plea and proceeding to trial; and counsel for appellee has favored us with no reference to authorities sustaining such a view. We think the court below properly dismissed the petition in this case, and rendered judgment for costs against the relator. Its judgment is affirmed.

*Judgment affirmed.*