## P. H. Murphy Manufacturing Co., P. H. Murphy and E. C. Wolzendorf v. Tunis Isbester.

1.  MANDAMUS—*Awarding the Writ—Practice.*—The writ of mandamus can not be awarded except upon a complaint, duly verified, setting forth distinctively the omission of some duty required by law to be performed by the party against whom the complaint is made. Under our practice the petition takes the place of the alternative writ and is the foundation of all subsequent proceedings.

Mandamus.—Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

FREELS & JOYCE and DILL & WILDERMAN, attorneys for appellants.

PARKER & PAIN and R. W. ROPIEQUET, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is a proceeding by petition for a writ of mandamus, brought in the name of appellee, by Henry M. Hagan, his attorney in fact, against appellants.

The petition shows that the defendant, the P. H. Murphy Manufacturing Company, is a corporation, duly organized under the laws of the State of Illinois, and that its principal office was fixed by its certificate of incorporation at East St. Louis, in this State; and that appellee is the owner of 1,000 shares of the capital stock of the corporation, of the par value of $10 each; that the office of the company is located at 2044 Division street, in the city of East St. Louis; that on August 24, 1899, defendant Wolzendorf was a director and foreman of the company and had charge of its office; that petitioner, by his attorney in fact, Hagan, called at the office and demanded of Wolzendorf the privilege of examining the books of account and records of the corporation, which request was denied, Wolzendorf then stating that the books were kept in the city of St. Louis, Missouri. Thereupon petitioner, by his attorney in fact, demanded of said Wolzendorf that correct books of account of all the business of the corporation be kept at its office or place of business in this State, with which request Wolzendorf refused to comply.

The petition further shows that appellant P. H. Murphy was president and treasurer of the company and that ——— ———— was secretary of it; that appellant Wolzendorf, and four other persons, whose names were unknown to peti-

tioner, were directors of the company; that petitioner, after diligent inquiry, had been unable to learn the names of the other directors and officers of the company.   The petitioner prayed for a writ of mandamus directed to the company and P. H. Murphy, president and treasurer, and E. C. Wolzendorf, director of the company, commanding them forthwith to cause to be kept at the principal office or place of business of the company in this State, correct books of account of all its business, and to allow petitioner to examine the books at its office or place of business in this State, at a reasonable and proper time.

The defendants interposed a demurrer to the petition, which the court overruled, and the defendants abiding by their demurrer, judgment was rendered against them for costs and a peremptory writ of mandamus was awarded by the court, as prayed for in the petition, from which judgment the defendants have appealed, and the only question presented for determination on this record is as to the sufficiency of the petition as a foundation for the order and judgment entered by the court.

The order and judgment is against the P. H. Murphy Manufacturing Company, P. H. Murphy and E. C. Wolzendorf, and yet it is nowhere stated in the petition that any demand had been made by the petitioner or his attorney in fact, Hagan, upon the corporation, or P. H. Murphy, its president and treasurer, for permission to petitioner or his attorney, to inspect the books of the corporation, nor is any reason given why a demand would have been unavailing, if it had been made.   Nor does it appear from the petition that the books were not kept at the company's office in East St. Louis.   It is true the petitioner states that Wolzendorf said the books were kept in St. Louis, Missouri, but the petitioner does not even aver in his petition that he believed what Wolzendorf said about the matter.   It does not appear from the petition that Wolzendorf was the custodian of, or had anything whatever to do with the books of the company.

If the defendants had answered or pleaded to the petition

all that they could have properly done would have been to admit or deny that Wolzendorf said what the petitioner avers he said. If a demurrer had been interposed to such an answer or plea, it would have been carried back and sustained to the petition.

The demurrer admitted that Wolzendorf said what the petitioner stated he said, and no more, and that was insufficient to base a judgment and order upon commanding the company and its president and Wolzendorf to keep its books and records at its office in East St. Louis, as the presumption is that they were already kept there, and this presumption must continue until it is distinctly negatived.

The writ of mandamus can not be awarded except upon a complaint, duly verified, setting forth distinctively the omission of some duty required by law to be performed by the party against whom the complaint is made.

Under our practice the petition takes the place of the alternative writ, and is the foundation of all subsequent proceedings. People ex rel. v. Glann, 70 Ill. 232.

It has always been held that the peremptory writ of mandamus should set forth with great particularity the things required to be done. High on Extraordinary Remedies, 3d Ed., Sec. 561; Merrill on Mandamus, Sec. 260.

This requirement of the law would be rendered nugatory unless the allegations of the petition are positive, distinct and precise, and this is especially true where the petition is demurred to, since the allegations of the petition become the foundation and the authority of the court in issuing the peremptory writ. High on Extraordinary Remedies, 3d Ed., Sec. 548.

The court erred in overruling defendant's demurrer to plaintiff's petition, and in awarding a peremptory writ of mandamus, and for these errors the judgment is reversed and the cause remanded.