THE WEST CHICAGO PARK COMMISSIONERS

*v.*

HENRIETTA BOAL *et al.*

*Opinion announced orally October 9, 1907.*

1. BILL OF EXCEPTIONS—*agreement to incorporate original bill in record cannot rest in parol.* The agreement contemplated by the statute for the incorporation in the record of the original bill of exceptions, instead of a transcript thereof, must either be in writing on the original bill or attached thereto by the clerk below, or else it must, by stipulation in open court below, be made a matter of record in that court.

2. SAME—*in the absence of agreement the original bill will be stricken from record.* An original bill of exceptions incorporated in the record will, in the absence of an agreement in writing upon or attached to the record or in some proper way evidenced by the record, on motion, be stricken from the record, since the court of review cannot try the question of fact whether such an agreement was made, upon the conflicting affidavits of the parties.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

For the motion, BERNHARDT J. FRANK and L. M. ACKLEY.

Against the motion, BENJAMIN F. RICHOLSON.

Mr. Justice Scott announced the opinion of the court:

This is an appeal from the circuit court of Cook county. The appellees move to strike the original bill of exceptions from the transcript of the record. The original bill has been incorporated in the transcript. The statute authorizes that to be done upon the agreement of parties. The basis of this motion is found in the statement that no such agreement was made. The attorneys for the appellees, and the appellees, file affidavits stating that they entered into no agreement of this kind. Counter-suggestions have been made and supported by the affidavits of the attorneys representing appellant, from which it appears that one of the attorneys for appellees did make an oral agreement to sign a written stipulation providing that the original bill be incorporated, but it is said that through inadvertence the attorneys for the appellant failed to obtain the signature to the written stipulation. The statute does not expressly require an agreement of this kind to be in writing, but it is an agreement that must necessarily be made before the transcript of the record is filed and before it is finally certified. We are without facilities in this court, in a case brought here by appeal or writ of error, to determine an issue of fact of this character, and we are satisfied it was not the purpose of the legislature to charge us with that duty. As already indicated, an agreement of this character need not be in writing, but if it is not in writing it should be made in a court of original jurisdiction and in some manner made a matter of record, and if it is not so made a matter of record, then the agreement should be in writing, and if not written upon the original bill itself, the writing should be presented by the party desiring the transcript of the record to the clerk of the *nisi prius* court and by him attached to the bill of exceptions.

The motion to strike will be allowed.

*Motion allowed.*