THE PEOPLE *ex rel.* A. B. Chilcoat *et al.* Plaintiffs in Error, *vs.* FRED A. BUSSE, Mayor, *et al.* Defendants in Error.

*Opinion filed December 21, 1910.*

1. MANDAMUS—*rules of common law pleading apply generally to mandamus.* Mandamus is a common law action in which the rules of pleading applicable to common law actions apply generally, and the petition, which stands as the declaration in other actions, must show, by averments, a clear right to the writ.

2. SAME—*a petition must set forth all material facts on which the petitioner relies.* A petition for *mandamus* must set forth all material facts upon which the petitioner relies, with such certainty and clearness that they may be admitted or traversed.

3. SAME—*when mandamus petition to compel removal of obstructions in street is insufficient.* A *mandamus* petition to compel a city to remove obstructions from a certain street vacated by the city is insufficient where there is no affirmative averment of the existence or maintenance of any obstructions in such street, that f̲.̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ ̲ only inferentially from other averments.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

A. B. CHILCOAT, for plaintiffs in error.

EDWARD J. BRUNDAGE, Corporation Counsel, and JOHN J. BEILMAN, for the city of Chicago.

MATTHEW P. BRADY, for the Servite Fathers of West Chicago.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Plaintiffs in error filed a petition in the superior court of Cook county for *mandamus* against the city of Chicago, Fred A. Busse, mayor, and the city council of Chicago, to compel respondents to forthwith remove the obstructions unlawfully placed across South Troy street at Jackson boulevard and West VanBuren street, and to open said portion of South Troy street, and certain alleys leading thereto, to public use for street and alley purposes. Upon a motion for that purpose the Servite Fathers of West Chicago, a corporation, was permitted to intervene and defend, and all of the respondents filed a general demurrer to the petition, which was sustained by the court. The petitioners having elected to abide by their petition, final judgment was rendered dismissing the petition at petitioners' cost. The present writ of error is sued out by the petitioners for the purpose of securing a reversal of the judgment below.

The only question presented for our consideration is the sufficiency of the petition.

Plaintiffs in error, as citizens and electors of the city of Chicago, aver in their petition the platting of a subdivision in 1872 by James Couch, William H. Wood and Francis A. Stevens, which said plat was duly acknowledged by the dedicators, approved by the board of public works of the

city of Chicago and properly recorded by the recorder of
Cook county. It is not questioned that the plat was exe-
cuted in accordance with the requirements of the statute or
that its acceptance by the city did not have the effect of
vesting the fee in the streets and alleys thereon designated
in the city. It is averred that on said plat a street known
as South Troy street, sixty-six feet in width, was dedicated
to the public as a street, and that a portion of said South
Troy street was bounded on the south by the north line of
West VanBuren street and on the north by the south line
of Jackson boulevard, and extended north and south be-
tween lots 7 and 8 of the James Couch subdivision. It is
also averred that intersecting said South Troy street (one
each in lots 7 and 8) were two 16-foot alleys, 122.76 feet
long, one extending east from said South Troy street and
the other west; that said portion of South Troy street was
opened and used by the public as a public street, with 7-foot
concrete sidewalks on either side thereof. The petition fur-
ther avers that the Servite Fathers of West Chicago is a
religious body, and is conducting religious worship in con-
formity with the doctrine of the Roman Catholic church,
and is conducting a school, giving religious and moral
training to the pupils attending the same; that the said
Servite Fathers owns lots 7 and 8 in said subdivision and
uses the same for religious and educational purposes. The
petition further alleges that on the 29th day of October,
1906, at the instance and through the influence of the said
Servite Fathers of West Chicago, the city council of Chi-
cago passed an ordinance, which was thereafter approved
by the mayor, purporting to vacate that portion of South
Troy street extending from Jackson boulevard to West
VanBuren street, together with the two alleys above men-
tioned which intersected that portion of South Troy street.
A copy of the ordinance is incorporated in the petition, and
is as follows:

"Section 1. That that portion of South Troy street bounded on the south by the north line of West VanBuren street; on the east by the west line of lot 7 of James Couch's subdivision of north one-half (N. ½), south one-half (S. ½), north-west one-quarter (N. W. ¼), section 13, 39, 13; on the north by the south line of Jackson boulevard, and on the west by the east line of lot 8, James Couch's subdivision of north one-half (N. ½), south one-half (S. ½), north-west one-quarter (N. W. ¼), section 13, 39, 13; also that part of the first east and west 16-foot alley south of Jackson boulevard beginning at the west line of South Troy street and extending 122.76 feet west; also that part of the first 16-foot alley north of West VanBuren street beginning with the west line of South Troy street and extending 122.76 feet west, as shown in the space colored pink and marked 'To be vacated' in the attached plat, which for greater certainty is made a part of this ordinance, be and the same are hereby vacated and closed: *Provided, however,* that if any part of the street or alleys so vacated shall at any time hereafter be used for any other than religious or educational purposes, then and in such case this ordinance shall be void and the said vacation shall be for naught held: *And provided further,* that the city shall at all times have the right to maintain and operate any and all water pipes and sewers in said streets and alleys.

"Sec. 2. This ordinance shall take effect and be in force from and after its passage: *Provided, however,* that the owner or owners of the property abutting upon the street and alleys hereby vacated shall within thirty (30) days after the passage of this ordinance file with the recorder of deeds of Cook county, Illinois, a copy of this ordinance and the plat attached thereto."

The petition avers that section 2 of the ordinance was complied with by the Servite Fathers filing a copy of said ordinance and the plat with the recorder of deeds of Cook

county within the time required by said section. The petition contains the following averment, which we quote in full from the record:

"Your petitioners further show to the court that the said ordinance purporting to vacate that portion of said South Troy street and alleys mentioned therein, was passed by the said city council of said city of Chicago at the urgent request and the direct influence of the said Servite Fathers of West Chicago, and clearly shows on its face that. the object thereof was to vacate the said portion of said South Troy street, and the said alleys leading thereto, mentioned in said ordinance, for private uses and purposes, and to give to or confer upon the said Servite Fathers of West Chicago title to the land embraced in said portion of said South Troy street and alleys mentioned in said ordinance, to the end that they, the said Servite Fathers of West Chicago, might have private rights and benefits in said street and alleys mentioned in said ordinance not conferred upon the general public and prejudicial to the rights of the general public, in violation of its statutory and constitutional rights in said portion of said South Troy street, and the alleys leading thereto, mentioned in said ordinance, and in so doing authorized and empowered them, the said Servite Fathers of West Chicago, to obstruct said portion of said South Troy street, and the alleys leading thereto, designated by said ordinance, by means of a fence placed across said South Troy street at the south line of Jackson boulevard on the north and a fence across said street at the north line of West VanBuren street on the south; which acts and doings of said city council of said city of Chicago were not and are not within the powers conferred upon it by the dedication of the lands for the uses and purposes for which they were dedicated and was and is in violation of the law of the land."

The petition avers that since the passage of said ordinance the said Servite Fathers has taken possession of said

247 — 22

portion of South Troy street, and the alleys leading thereto, and is exercising acts of ownership, possession and control over the same. The prayer of the petition is in the following words: "Therefore your petitioners pray a writ of *mandamus,* under the seal of the said court, directed to the city of Chicago and Fred A. Busse, as mayor thereof, and to the city council of said city of Chicago, commanding them, respectively, as follows: Commanding said city of Chicago, and Fred A. Busse, mayor thereof, and the city council of said city of Chicago, to forthwith remove the obstructions, the fences so unlawfully placed across the said South Troy street at Jackson boulevard and West VanBuren street, and to throw open said portion of said South Troy street, and the alleys leading thereto, to public use for street and alley purposes; and that such open and unobstructed use by the public of said portion of South Troy street, and of the said alleys mentioned in and attempted to be vacated in and by said ordinance, be enforced, preserved and maintained openly, freely and without any unlawful obstruction whatever, henceforth."

We have set out in full from the record all of those portions of the petition in which any reference is made to the existence of obstructions in the street in question. A careful reading of the petition will show that there is no affirmative averment therein of the existence or maintenance of any obstructions in either the street or alleys in question. The averment that the Servite Fathers is in possession and exercising acts of ownership over the street and alleys, when taken in connection with the reference in other portions of the petition to fences, would justify the inference that fences had been erected across South Troy street, but this fact is not averred anywhere in the petition.

*Mandamus* is a common law action, and the rules of pleading applicable to such actions generally apply to this action. (*Silver* v. *People,* 45 Ill. 224; *Dement* v. *Rokker,* 126 id. 174.) Under the practice that has prevailed in this

State since 1872 the petition stands as the declaration in other common law actions, (*People* v. *Glann*, 70 Ill. 232; *People* v. *Crabb*, 156 id. 155;) and must show by specific averments a clear right to the writ, (*People* v. *Crabb, supra,*) and distinctly set forth all material facts on which the petitioner relies, so that the same may be admitted or traversed. (*Canal Trustees* v. *People*, 12 Ill. 248; *People* v. *Glann, supra.*) The certainty required is described as that which sets out the facts issuably, distinctly, clearly and specifically. (13 Ency. of Pl. & Pr. 674; *Canal Trustees* v. *People, supra; Lavalle* v. *Soucy*, 96 Ill. 467.) The *Soucy case* above cited was a *mandamus* proceeding commenced by petition in the circuit court of St. Clair county, stating that the petitioner had been elected supervisor of the village of Cahokia commons and qualified as such, and averred that "Lavalle had held that office, and as such officer had possession and control of all the books, papers and moneys of said commons," and that the respondent had refused to turn-over the possession of such books, papers and moneys so in his possession to the petitioner. There was no direct averment in the petition that there were any books, papers and moneys belonging to the said commons. That fact was only stated inferentially. This court held that the petition was not sufficient and that the demurrer thereto should have been sustained.

The absence of any specific averment in the petition in the case at bar that there was any obstruction in the street and alleys in question is a fatal defect and sufficient to support the judgment sustaining the demurrer. Without reference to the sufficiency of the petition in other respects, which we do not pass upon, the judgment of the court below was clearly right and should be affirmed, which is done.

*Judgment affirmed.*