FOURTH DISTRICT—MAY, 1914. 527

The People v. The Jasper County Mut. Tel. Co., 186 Ill. App. 527.

## The People of the State of Illinois ex rel. J. R. Whightsel, Appellant, v. The Jasper County Mutual Telephone Company, Appellee.

MANDAMUS, § 129*—*when petition filed against mutual telephone corporation by a subscriber demurrable.* A petition by a subscriber of three shares of stock in a mutual telephone corporation for a writ of mandamus to compel the corporation to give petitioner free telephone service, the same as it gives other subscribers for three shares of stock, and to compel it to establish a principal office, keep correct books of account and to permit petitioner to examine the records and books of account, *held* demurrable, there being nothing but a mere conclusion of the pleader that petitioner complied with the by-laws, rules and regulations, without setting out the same, and no averment that any demand was made upon the corporation to establish a principal office, keep correct books of account and to permit petitioner to examine the records and books.

Appeal from the Circuit Court of Jasper county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1914.

DAVIDSON & FITHIAN, for appellant.

GIBSON & WALKER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court of Jasper county, sustaining a demurrer to the amended petition of appellant for writ of mandamus, entering of judgment dismissing petition and for costs.

The substance of the allegations of the amended petition are: That appellee is a corporation organized for pecuniary profit under the Corporation Act of the State of Illinois, March 7, 1902, for the purpose of building and operating a telephone system in Jasper county, Illinois, with a capital stock of $4.992; 416 shares at $12 per share and non assessable; that from

528    Appellate Courts of Illinois.

The People v. The Jasper County Mut. Tel. Co., 186 Ill. App. 527.

the sale of stock lines were constructed and the telephone system operated.

Appellant, one of the original subscribers for three shares of the capital stock, paid therefor the sum of $36, and received from appellee his certificate of stock, a copy of which was attached to the petition. That at the time appellant subscribed for his said three shares of stock it was represented to him that said stock was non assessable, and that by-laws, rules and regulations would be enacted providing that each subscriber of three shares of stock would be entitled to the use of the telephone in his residence and the use of the lines of the system free from further assessment, charge or cost except the upkeep of the telephone instrument equipped with a transmitter and receiver in his residence. That relying on these representations he subscribed, paid for and received the certificate aforesaid of the capital stock of said Company. That he was elected a director, and, as such director, knows that by-laws, rules and regulations were enacted by the constituted authorities in compliance with the representations made to him. That appellant obtained, under the by-laws, rules and regulations of said corporation, a telephone and the telephone service offered by said Company until some time in the year of 1912, when he was refused by said Company further service over its said lines, and the said Company still does refuse although repeated demands for said service have been made.

That appellant has complied with all reasonable rules, regulations and by-laws of said appellee, and is still ready and willing to comply with all reasonable rules, regulations and by-laws of appellee. That he is without telephone service and without enjoyment of the full benefits from the stock owned by him. That appellant is one and the same person as Robert Whightsil appearing on the records of said Company.

The amended petition further alleges that it was the duty of the appellee to establish and maintain a prin-

cipal office and place of business in this State and to keep at said principal office correct books of account of all its business. That appellee does not maintain a principal office and keep correct books of account. That in the articles of incorporation the corporation's office was stated to be in the office of the Circuit Clerk in the courthouse in Jasper county, Illinois. That appellant at different times and occasions during its business hours has been at the office of circuit clerk of the said Jasper county to see and examine the books of said corporation but has always been unable to find any books in charge of said office; and by reason whereof appellant believes that appellee does not keep correct books of account, and that appellant is unable to ascertain the true status of account of appellee.

The prayer of the petition is for writ of mandamus commanding appellee to give appellant the use of its lines and telephone service that it gives to other subscribers, with three shares of stock, who comply with the reasonable by-laws, rules and regulations.

That appellee be further commanded to establish a principal office and keep a correct set of books of account, and that appellant have access at all reasonable times to examine the records and books of account of appellee.

Appellant having elected to stand by the amended petition, the judgment of the trial court brings before this court the sufficiency of the petition.

The demurrer admits all facts in the petition that were well pleaded but not conclusions. This is a proceeding where private rights are involved. "That is to say, the right of appellant to the full enjoyment of the benefits as the owner of three shares of capital stock of appellee and that right enforced by mandamus. (*Venner v. Chicago City Ry. Co.*, 246 Ill. 170)."

"A writ of mandamus is a writ of right and will be awarded only in a case where the party applying for it shows a clear right to have the defendant do the thing which he is sought to be compelled by mandamus to

do. The petition must show upon its face a clear right to the relief demanded and every material fact upon which petitioner relies must be distinctly set forth.'' (*Lavalle v. Soucy,* 96 Ill. 467.) ''The pleader must plead the facts from which the legal conclusion of that' right may be drawn by the Court, and not alone by the pleader.'' (*Stott v. City of Chicago,* 205 Ill. 281).

Appellant, when he became a subscriber of the capital stock of appellee, became and was subject to the same laws, rules and regulations as appellee, the by-laws, rules and regulations lawfully in force were a part of the contract he seeks here to enforce and in his petition for writ of mandamus it devolved upon him to set out such by-laws rules and regulations, and the facts showing a compliance with them or the reason for not complying so that the Court could determine that he had complied therewith or had good and lawful reason why he should not comply.

This is not accomplished by saying he complied with all reasonable by-laws, rules and regulations which is the conclusion of the pleader and from which the court cannot determine what were the by-laws, rules and regulations of appellee.

Appellant's position upon the second proposition, the establishment of a principal office and keeping of correct books of account cannot be sustained because as a general rule, and more particularly true where the proceeding has relation to private rights, previous to making application to the court for a writ of mandamus, a demand or request to perform it, must be made by the petitioner to defendant, who must have by actions or express refusal refused to comply with the demand. (*People ex rel. Thatcher v. Village of Hyde Park,* 117 Ill. 468).

There appears no averment in the petition that a demand was made upon appellee by appellant to establish a principal office or keep correct books of account, or for the right by appellant to examine the same. There are no facts averred from which the

court can say that a demand could not be made or that it would not have been availing.

The petition was insufficient and the demurrer properly sustained.

*Judgment affirmed.*