THE PEOPLE *ex rel.* Charles W. Pardridge, Petitioner, *vs.* THOMAS G. WINDES, Judge, *et al.* Respondents.

*Opinion filed October 24, 1916.*

1. COURTS—*clerk of court is not privileged to enter orders contrary to direction of judge.* The clerk of a court is a ministerial officer and the writing of the record is a ministerial act; but the clerk is not independent of the judge, and he is not privileged to enter orders as he sees fit, contrary to the direction of the judge.

2. SAME—*what is not an attempt to exercise control over judgment after term.* A direction by the trial judge to the clerk, after the term, to enter an order made by the judge in accordance with the minutes of the judge as interpreted by him is not an attempt to interfere with or exercise control over the order after the term at which it was entered.

3. BILLS OF EXCEPTIONS—*rule as to filing bill of exceptions.* If a bill of exceptions is presented within the time fixed by the judge and that fact is shown on the bill, it may be afterward filed *nunc pro tunc* as of that date after it is actually signed, but neither a

bill of exceptions nor a stenographic report will become a part of the record until it is filed.

4. SAME—*bill may be filed by nunc pro tunc order made within time of extension.* A bill of exceptions must be presented to the judge within the time originally fixed by the judge or as lawfully extended, and it will become a part of the record by filing it as of the date of presentation, whether within the time originally fixed or by a *nunc pro tunc* order made within the time of a further extension.

5. MANDAMUS—*the same rules of pleading apply in mandamus as in other actions at law.* The same rules of pleading are applicable in a *mandamus* proceeding as in other actions at law.

ORIGINAL petition for *mandamus.*

BRADLEY, HARPER & EHEIM, (THOMAS E. D. BRADLEY, and JACOB NEWMAN, of counsel,) for petitioner.

HENRY S. ROBBINS, for respondents.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit is an adjunct or appendage of an action brought by Alonzo J. Cutler against Charles W. Pardridge which the law terms transitory but which has none of the transitory qualities attributed to temporal things. That action was begun in the circuit court of Cook county on June 17, 1893, and its first appearance in this court was nineteen years ago. (*Pardridge* v. *Cutler,* 168 Ill. 504.) There have been four trials of the issues, and the plaintiff obtained verdicts and judgments on the first two and the defendant succeeded in the last two. The first three judgments were reversed for prejudicial errors upon the trials. When the fourth judgment was rendered the action showed no signs of abatement or dissolution but brought forth this additional suit in this way: On November 20, 1915, the plaintiff prayed an appeal to the Appellate Court for the First District and the court granted the appeal and fixed

the terms.   The minute clerk attending the judge, and the clerk of the court, made entries in an abbreviated form of the order granting the appeal and fixing times for the bond and bill of exceptions.   The court afterward directed the clerk, in spreading the orders on the record, to enter them in a certain prescribed form, which was done against the objection of the defendant, and on February 19, 1916, the plaintiff moved the court to expunge the order concerning the time for the bill of exceptions.   The motion was continued to February 28, 1916, when it was denied, after which the defendant filed his petition in this court, in the name of the People, for a writ of *mandamus* commanding the judge to vacate and expunge from the record of the court the order concerning the bill of exceptions as entered by the clerk.   Leave to file the petition was granted and process was ordered against Thomas G. Windes, the judge, and Alonzo J. Cutler, the plaintiff.   The defendants filed an answer, and the relator, disregarding the rules governing pleadings in actions at law, filed a document in six paragraphs admitting or denying (and sometimes in the same paragraph) matters of fact alleged in the answer and also making denials on which an issue of fact could never be formed.

We would not render any service to the parties to this suit nor to the bar by again explaining what has so often been made known through decisions of this court, that the same rules of pleading are applicable in *mandamus* as in other actions at law.   (*Silver* v. *People,* 45 Ill. 224; *Board of Supervisors of Shelby County* v. *People,* 159 id. 242; *Dement* v. *Rokker,* 126 id. 174; *People* v. *Board of Education,* 236 id. 154.)   The replication tenders issues of fact as to some matters that are immaterial.   The cause has been submitted for a decision upon the pleadings and the parties do not disagree as to any material fact.   It also appears from the answer and admissions in the replication that the Appellate Court might exercise jurisdiction con-

cerning the matter in controversy, but this court having assumed jurisdiction and the statute having provided that the existence of another specific legal remedy is not a bar to the action, we will not delay the parties but will decide the case.

Upon the prayer for an appeal the minute clerk attending Judge Windes made the following entry in his minute book:

"Judge Windes          Nov. 20, 1915.
116661 Cutler                              Pardridge
    Mo Plff N. T.   Ovld Ex Mo. in Arrest of J ovld ex J. on Verd issues for Deft.   Ex appeal Prayed & allowed 1st Dist Ill. B 250.00. Appr by Clk 30 days B of X 60 days."

The clerk of the court also made an entry on the court docket and the subsequent entries of January 18, January 29 and February 4, 1916, as follows:

"Windes Nov 20-1915   Mo. Plff N. T. overld Ex Mo in arrest of J ovld Ex and J. on Verd. iss for Deft. Ex appeal Prayed and allowed 1st Dist. Ill.   Bd. $250.00 Appr by Clk 30 days. B of X 60 days.

Windes Jany 18-16   time pltf fl. b of x extd 2/1/16
Windes Jany 29-16   time pltf fl. b of x extd 2/5/16
Windes Feb   4-16   Clk of ct. fl b of x nunc pro tunc as of 1/18/16 deft ex lv gvn either pty fl b of x 10 days."

On February 14, 1916, the clerk had not yet spread on the record the order of November 20, 1915, and the attorney for the plaintiff then presented to the judge a form of an order as a guide to the clerk in spreading the order on the record, and the order so presented concluded as follows: "Sixty days' time from this time is allowed the plaintiff in which to submit his bill of exceptions herein." The attorney for the defendant protested against the entry of the order in that form and examined the deputy clerk as a witness, who testified that it was the practice in the office of the clerk, when writing out orders from minutes like the above, to use the word "file" instead of "submit," and to

write the order as follows: "Sixty days' time from this date is allowed the plaintiff in which to file his bill of exceptions herein." The only dispute was whether the word "file" should be used instead of the word "submit," and the judge ordered the record written in the form presented by the attorney for the plaintiff. The clerk entered it in that form, and the judge on February 28, 1916, denied the motion to have the order expunged. The bill of exceptions was presented to the judge within the time fixed by the order and was indorsed by him as presented on January 18, 1916. On that day he entered an order extending the time for filing the bill to February 1, 1916, and on January 29, 1916, he again extended the time for filing to February 5, 1916. On February 4, 1916, the bill was signed as of the date of presentation and an order was entered for the clerk to file it *nunc pro tunc* as of January 18, 1916, the date of presentation, all of which was in accord with the settled practice. *Hill Co.* v. *United States Fidelity and Guaranty Co.* 250 Ill. 242.

The writ must be denied. If the relator has any right to have the record written as he contends, it is a mere abstract right and the writ would not be of any benefit to him. The bill was presented to the judge within the sixty days originally allowed for that purpose, and if the word "file" should have been used, an order was made before the time to file had expired extending the time to file the bill. The court, before the time as extended had expired, again extended the time for filing the bill, and before the expiration of that time the bill was filed on an order *nunc pro tunc* as of the day of its presentation, so that the bill was actually filed within the time fixed by the judge if the order had been written as the relator contends it should have been, and it became a part of the record even under his claim, if he is right.

The court loses its power over a judgment after the term at which it is rendered and cannot afterward inter-

fere with it. (*People* v. *Petit,* 266 Ill. 628.) This was conceded on the application to enter the order and the motion to expunge, and all that was done was to direct the clerk to enter the order made by the judge as he understood it. The position of counsel that the writing of the record is a ministerial act and that the clerk is a ministerial officer of the court is correct, but he is not independent of the court and his entry of the orders made by the court is subject to judicial control. He is not privileged to enter orders as he sees fit, contrary to the direction of the court.

A bill of exceptions purports, on its face, to be taken in the course of the trial. The statutory provision has always been that if a party shall allege an exception to a ruling it shall be the duty of the judge to allow the exception and sign the same, and formerly a seal was required. It was declared that the exception should then become a part of the record of the cause, but as a matter of practice and from the necessity of the case the time could be extended. Section 81 of the present Practice act has added the provision for a stenographic report of the trial, and provides that if any party shall submit any matter for a ruling and the court shall rule adversely to the party submitting the same, the party may, during the term at which the judgment is entered or within such time thereafter as shall during such term be fixed by the court, submit to the court a stenographic report of the trial, and if certified to be correct by the court it shall be filed and become a part of the record. The provision as to a stenographic report is that it may be submitted to the court, but no report or bill of exceptions or other document can become a part of the record until it is filed. If a bill of exceptions is presented within the time fixed by the judge and that fact is shown on the bill, it may be afterward filed as of that date within a reasonable time after it is actually signed. (*Hall* v. *Royal Neighbors,* 231 Ill. 185.) Under the Practice act there is no substantial difference between the order as entered and

275 — 8

the form contended for by the relator. The bill must be presented to the judge within the time fixed or as lawfully extended, and upon his signing it it is to become a part of the record by filing as of the date of presentation, whether within the time originally fixed or by a *nunc pro tunc* order made within the time of a further extension.

The writ is denied.                                *Writ denied.*