(No. 12130.—Judgment affirmed.) ·

The People of the State of Illinois, Defendant in Error, *vs.* John M. Tananevicz, Plaintiff in Error.

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. Practice—*what does not operate as an extension of time for a bill of exceptions.* Orders of the trial court, from time to time, withholding the *mittimus* in a criminal case do not operate as an extension of the time for filing the bill of exceptions.

2. Same—*document does not become part of the record until it is filed.* No order, report, bill of exceptions or other document can become a part of the record until it is filed.

3. Criminal Law—*when portion of verdict fixing punishment is surplusage.* Under section 2 of the Parole law, as amended in 1917, the jury, except in cases enumerated in section 1 of such law, have no authority to fix in their verdict the limit or duration of the imprisonment of the defendant, and the portion of the verdict attempting to fix such punishment after a general finding of guilty is surplusage.

4. Appeals and Errors—*objection cannot be first raised in the Supreme Court.* An objection to the verdict of the jury which was not raised in the trial court nor in the Appellate Court cannot be insisted upon in the Supreme Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. HUGO PAM, Judge, presiding.

SMITH & PEDERSON, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWIN J. RABER, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of receiving, as a banker, a deposit of $140 from Frank Sempel while knowingly insolvent, whereby said deposit was lost to depositor, under an indictment charging the violation of section 25*a* of the Criminal Code. On July 12, 1917, the jury returned the following verdict: "We, the jury, find the defendant, John M. Tananevicz, guilty in manner and form as charged in the indictment and fix his punishment at imprisonment in the penitentiary for a term of three years and at a fine of $280." Motions for a new trial and in arrest of judgment were overruled. On August 28, 1917, plaintiff in error was sentenced to imprisonment in the State penitentiary at Joliet for an indeterminate term of from one to three years and to pay a fine of $280. and costs of suit, whereupon this cause was taken to the Appellate Court for the First District by writ of error. On motion by the defendant in error the Appellate Court struck the bill of exceptions from the record and upon hearing on errors assigned affirmed the judgment of the trial court. Plaintiff in error brings said cause to this court by writ of error to the Appellate Court.

No errors are argued or assigned in the brief of the plaintiff in error on the rulings of the court as to the ad-

missibility of testimony or instructions to the jury nor that the evidence was insufficient to sustain the verdict. Four points are assigned and argued in his brief for the reversal of the judgments of the Appellate and trial courts: First, that the Appellate Court erred in striking the bill of exceptions from the record; second, that the verdict of the jury was void for the reason that it fixed the period of imprisonment of the defendant; third, that the judgment of the court was void for the reason that it varied from the imprisonment fixed by the jury; and fourth, that the verdict of the jury was void for the reason that it failed to find the age of the defendant.

As to the contention that the Appellate Court erred in striking the bill of exceptions from the record, it appears from the record that plaintiff in error did not present his bill of exceptions to the judge of the trial court during the term at which the case was tried nor within a time fixed by the court within said term in which to present the same. Plaintiff in error contends that an order of the trial court was entered from time to time withholding the *mittimus,* and that such order operated as an extension of time in which to file the bill of exceptions. An order of the trial judge withholding a *mittimus* does not operate as an extension of time in which to present a bill of exceptions. Such an order will not excuse plaintiff in error from presenting the bill of exceptions as provided by law. There is nothing in the record showing the entry of an order extending the time for presenting the bill of exceptions. The record and abstract show that the order of commitment was entered on August 28, 1917. No subsequent order appears of record between that time and the time of presenting the bill of exceptions, which was September 25, 1917, at a subsequent term of court. The trial court lost all jurisdiction to enter an order for the extension of time in which to file a bill of exceptions with the closing of the August term. *People v. Windes,* 275 Ill. 108.

In the Appellate Court plaintiff in error sought by affidavit to show the entry on December 6, 1917, of a so-called order by the trial judge reciting that the court, at the request of the defendant, from time to time ordered the *mittimus* withheld, and also stating that the bill of exceptions was presented within the time prescribed by the court. An examination of the so-called order shows it to be rather a recital of the personal knowledge and recollection of the trial judge than a record. No attempt was made to incorporate this order in the record as supplying a deficient record by suggesting a diminution of record, nor does the so-called order appear to have been in any· manner made a part of the record. Plaintiff in error seeks in the first instance to bring the same before the Appellate Court by affidavit. This cannot be done. No order, report or bill of exceptions or other document can become a part of the record until it is filed. (*People* v. *Windes, supra.*) It was the duty of the plaintiff in error, if he sought to correct a diminution of the record,· to have suggested such diminution in the Appellate Court and obtained a complete record as provided by law. This was not done. It further appears that the bill of exceptions was at no time filed in the trial court. This should have been done. *People* v. *Windes, supra.*

Plaintiff in error urges that the assistant State's attorney made an oral promise that he would stipulate that the bill of exceptions become a part of the common law record. The affidavit of his counsel is filed in the Appellate Court in support of this contention. In *West Chicago Park Comrs.* v. *Boal,* 228 Ill. 589, this court said regarding such agreements: "We are without facilities in this court, in a case brought here by appeal or writ of error, to determine an issue of fact of this character, and we are satisfied it was not the purpose of the legislature to charge us with that duty. As already indicated, an agreement of this character need not be in writing, but if it is not in writing it should be made in a court of original jurisdiction and in some man-

ner made a matter of record, and if it is not so made a matter of record then the agreement should be in writing, and if not written upon the original bill itself the writing should be presented by the party desiring the transcript of the record to the clerk of the *nisi prius* court and by him attached to the bill of exceptions."

It is evident that·the bill of exceptions in this case was not presented in apt time. The Appellate Court did not err in striking the same from the record.

Plaintiff in error's second contention is that the verdict of the jury is void because it fixed the period of imprisonment of the defendant, contrary to section 2 of an act entitled "An act to revise the law in relation to the sentence and commitment of persons convicted of crimes or offenses," etc., approved June 25, 1917, in force July 1, 1917, and known as the Parole act. Section 2 of the act provides: "That, except for the crimes enumerated in section 1 of this act, every sentence to the penitentiary or reformatory, and every sentence or commitment to any other State institution now or hereafter provided by law for the incarceration, punishment, discipline, training or reformation of persons convicted and sentenced to, or committed to such institution (not including, however, county jail) shall be a general sentence of imprisonment, and the courts of this State imposing such sentence or commitment shall not fix the limit or duration of such imprisonment. The term of such imprisonment or commitment shall be for not less than the minimum nor greater than the maximum term provided by law for the offense of which the person stands convicted or committed," etc. From this section of the statute it is clear that the jury in this case had no authority to fix or determine by their verdict the limit or duration of the imprisonment of plaintiff in error. The rule is well settled in this State, however, that such portion of the verdict of a jury as lies beyond the legitimate province of the jury may be treated as surplusage and disregarded or

rejected, where to do so would still leave a complete and valid verdict. (*People* v. *Coleman*, 251 Ill. 497; *Neathery* v. *People*, 227 id. 110; *Henderson* v. *People*, 165 id. 607.) Disregarding that portion of the verdict in this case fixing the term of imprisonment the verdict as to punishment is complete and is therefore not open to objections raised by plaintiff in error. When the verdict is so considered, the judgment of the court thereon sentencing the plaintiff in error to an indeterminate term of imprisonment is in nowise a departure or variance from the verdict, and the third contention of the plaintiff in error, that the trial court erred in entering such judgment, is without foundation. The judgment is in accordance with section 2, *supra.*

Plaintiff in error relies on *Cole* v. *People*, 84 Ill. 216, in support of his contention that the judgment of the trial court is at variance with the verdict. That case was decided under a statute then in force requiring the jury to fix the penalty in that class of cases, and it was there held that the trial court was without power to change the term of imprisonment fixed by the jury. That case has no application here, as section 2 of the Parole act prohibits the jury fixing the term of imprisonment, and any attempt on their part to do so would be nugatory.

It is also urged for the first time here that the verdict of the jury was void for the reason that it did not find the age of the defendant. This point was not urged on motion for a new trial nor in arrest of judgment, and an examination of the brief of the plaintiff in error in the Appellate Court, filed here by leave of court, discloses that no such error was assigned or argued in that court. The point not being presented to the trial or Appellate Court plaintiff in error is precluded from raising it here. *People* v. *Forster*, 280 Ill. 486; *People* v. *Strauch*, 240 id. 60.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*