THE PEOPLE *ex rel.* A. B. Chilcoat *et al.* Plaintiffs in Error, *vs.* CARTER H. HARRISON, Mayor, *et al.* Defendants in Error.

*Opinion filed February 23, 1912—Rehearing denied April 4, 1912.*

1. RES JUDICATA—*all members of public are represented where real party in interest is the People.* Where no private rights are involved the right to maintain a bill to enjoin a public nuisance is in the public, acting through the Attorney General or State's attorney, and in such a proceeding all individuals constituting the public are regarded as represented and will be bound by the decree.

2. SAME—*when difference in relators does not make a difference in parties.* The fact that citizens who are the relators in a *mandamus* proceeding to compel city officials to remove an alleged obstruction in a street are not the same citizens who were relators in a prior chancery proceeding to enjoin the continuance of the same obstruction does not constitute such a difference in parties as affects the binding force of the former decree.

3. SAME—*fact that former proceeding was in chancery while later proceeding is at law is not material.* A final decree on the merits in chancery is as conclusive as a judgment at law, and is available as a former adjudication whether the subsequent suit is at law or in chancery.

4. SAME—*the doctrine of former adjudication is not limited to questions actually decided.* The doctrine of former adjudication is not limited to questions actually decided, but extends to all grounds of recovery or defense which then existed and might have been presented and adjudicated.

5. SAME—*decree on the merits, upon demurrer, is available as an adjudication.* While a judgment or decree upon demurrer for a defective pleading is not a bar to a subsequent suit in which the cause of action is well pleaded, yet if the decision is upon the merits of a cause of action or defense it will bar a subsequent suit on the same facts, even though it was rendered on a general demurrer.

6. SAME—*correct practice where answer does not correctly set out the former proceeding relied upon.* If the answer to a *mandamus* petition erroneously describes the proceeding relied upon as a former adjudication as having been a bill in equity the petitioner should plead and not demur to the answer, as a court of review, on demurrer, will look only to the allegation of the answer to determine the character of the former proceeding.

253 — 40

7. SAME—*when former decree is a bar to subsequent mandamus suit.* A decree dismissing on the merits, upon general demurrer, a bill by the State's attorney in the name of the People, on the relation of certain citizens, to enjoin the continuance of an alleged obstruction in the street, is a bar to a subsequent *mandamus* suit against the same defendants by the People, on the relation of other citizens, upon substantially the same facts, to compel the removal of the same obstruction.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

A. B. CHILCOAT, for plaintiffs in error.

WILLIAM H. SEXTON, Corporation Counsel, and MATTHEW P. BRADY, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was a petition filed in the superior court of Cook county against the city of Chicago, its mayor and council, for a writ of *mandamus* commanding them to remove certain obstructions alleged to have been unlawfully placed in South Troy street, and certain alleys leading out of it, in the city of Chicago. The Servite Fathers of West Chicago, a religious corporation organized under the laws of this State, subsequently became a defendant. The subject matter of the proceeding is the same as that involved in the case of *People* v. *Busse,* 247 Ill. 333, and a sufficiently full statement of the allegations of the petition is contained in the opinion in that case. The present petition has remedied the defect specially pointed out there and contains additional and more detailed allegations, but they do not vary the case materially, and it will be assumed that the petition states a case legally sufficient to entitle the petitioners to the relief sought. The basis of the petitioners' claim for relief was, that the ordinance vacating the portions of the street and alleys upon which the obstructions had been placed was illegally passed at the instance of the Servite

Fathers, with the unlawful object of giving to that corporation title to such portions of the street and alleys for educational and religious purposes, and of diverting such portions of the street and alleys to another and different use from that for which they were dedicated, and of giving to the Servite Fathers private rights and benefits in the street and alleys not conferred upon the general public. Separate, identical answers, called in the record pleas, were filed by the Servite Fathers and the city, to which the petitioners demurred. The demurrers were overruled. The petitioners electing to stand by them, the court dismissed their petition, and they sued out a writ of error.

The answers relied upon a former adjudication of the controversy, and alleged that prior to the filing of the petition the People of the State of Illinois, by the State's attorney of Cook county, on the relation of Joseph H. Greer, a citizen and elector of the city of Chicago, in his own behalf as well as on behalf of the general public, filed a bill in equity in the circuit court of Cook county against these same defendants, alleging the same facts as are set forth in the petition concerning the street and alleys, the ordinance vacating them, the acts, objects and motives of the parties and the circumstances of the whole transaction, and praying that the ordinance be adjudged illegal and void; that the defendants be required to remove the obstructions; that the street and alleys be thrown open to the use of the public, and that the defendants be enjoined from maintaining any fence or enclosure on the street or alleys or any part of them, or from making any private use of them. The defendants demurred to this bill, their demurrers were sustained, and, the complainant electing to stand by the bill, the court dismissed it for want of equity. This decree was affirmed by the Appellate Court. *People* v. *City of Chicago,* 154 Ill. App. 578.

Counsel for the plaintiffs in error states that the question before this court is, do the facts stated in the petition

entitle the petitioners to the relief sought? Most of his argument is devoted to that question, though the defendants in error have not argued it. The demurrer was not carried back to the petition but was overruled to the answer, and no objection has been raised to the petition either here or in the circuit court, the only question considered on the hearing of the demurrer being the sufficiency of the answer as showing a former adjudication. In the view we take of this latter question it is not necessary to consider the former, but, assuming that the petition is sufficient, we shall consider the sufficiency of the answer.

The defendants to the bill were the same as the defendants here, the same facts were alleged and the same relief was sought. The fact that the proceeding was in chancery while the present is a proceeding at law is immaterial, for a final decree in chancery is as conclusive as a judgment at law, and is available as a former adjudication whether the subsequent action is at law or in equity. (Freeman on Judgments, 248; *People* v. *Rickert,* 159 Ill. 496; *Stickney* v. *Goudy,* 132 id. 213; *Moore* v. *Williams,* id. 589; *Town of Lyons* v. *Cooledge,* 89 id. 529.) Nor is it material that other or additional reasons or arguments are now brought forward for granting the relief sought. The doctrine of former adjudication extends not only to the questions actually decided, but to all grounds of recovery or defense which might have been presented. *Godschalck* v. *Weber,* 247 Ill. 269.

The bill was filed in the name of the People by the State's attorney, on the relation of Joseph H. Greer, while the petition in the present case was filed in the name of the People on the relation of several petitioners, not including Joseph H. Greer. In both cases the real party in interest is the People. It is only by the people that either suit can be maintained. The right sought to be enforced is a public right. The bill did not allege the relator to be the owner of the fee in the street or to have any special interest. In

such case an individual cannot maintain a bill to enjoin a public nuisance, but the right to do so is in the public, acting through the Attorney General, the State's attorney or the city. (*Hill* v. *St. Louis and Northeastern Railway Co.* 243 Ill. 344.) "When the object is the enforcement of a public right the people are regarded as the real party and the relator need not show that he has any legal interest in the result. It is enough that he is interested, as a citizen, in having the laws executed and the right in question enforced." (*County of Pike* v. *People,* 11 Ill. 202.) This petition was filed by the relators merely as citizens and electors, representing the general public, in behalf of the same class for whose benefit the bill was filed. The bill was filed in the name of the People by the officer charged with the duty of instituting proceedings to restrain and abate public nuisances and purprestures, and all the individuals constituting the public are bound by the decree.

It is argued that the decree, having been rendered upon a general demurrer to the bill, is not a bar to a subsequent action between the same parties for the same cause of action. It is true that a judgment, to be a bar, must have been rendered upon the merits. A judgment that a declaration is bad is not a bar to a declaration stating facts which do constitute a cause of action. It is, however, settled law that it makes no difference whether the facts upon which the court proceeded were proved by evidence upon issue joined or were admitted by way of demurrer to a pleading stating the facts. In either case the judgment rendered is equally available as an adjudication, and the facts so established cannot be again drawn in question between the same parties. A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts. *Vanlandingham* v. *Ryan,* 17 Ill. 25; *Marie Church* v. *Trinity Church,* (*ante,*

p. 21;) *Wilson* v. *Ray,* 24 Ind. 156; *Gray* v. *Gray,* 34 Ga. 499; *Perkins* v. *Moore,* 16 Ala. 17; *Robinson* v. *Howard,* 5 Cal. 428; *Bouchand* v. *Dias,* 3 Den. 238; *Bissell* v. *Spring Valley Township,* 124 U. S. 225.

It is stated in the brief for the plaintiffs in error that the former proceeding was an information in the nature of a *quo warranto,* was defective because not running in the mode required by law and the constitution, was therefore fatally defective, the general demurrers were therefore properly sustained and the decree was not on the merits. Nothing in the record bears this out. We look only to the plea, which says a bill in chancery was filed. If this was not the fact, the proper course for plaintiffs in error was, not to demur but to plead. No defect in the bill which has been corrected by the petition is suggested. The allegations are practically the same and the causes of action are the same. There is no substantial difference in the facts. The decree was on the merits, and was an adjudication that the complainant was not entitled to maintain the cause of action now sought to be maintained. That adjudication concludes the petitioners' rights.                         *Judgment affirmed.*