## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

# W. C. BRUNNER v. J. A. COOK, ET ALS.

November 16, 1922.

1. FORMER ADJUDICATION OR RES ADJUDICATA—*Estoppel—Issues not Determined in Prior Suit—Action on the Same or Different Demands.*— There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. Thus, where the second action is upon the same claim or demand as the first, the judgment in the first action, if rendered upon the merits, constitutes an absolute bar to a subsequent action, and concludes the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, then the judgment in the first action operates as an estoppel only as to the points or questions which were actually litigated and determined.

2. JUDGMENTS AND DECREES—*Demurrer—Decision on Demurrer as Decision on the Merits.*—Where a general demurrer which denies the right of the plaintiff to recover on the cause of action alleged is sustained, the decision is a decision on the merits.

3. FORMER ADJUDICATION OR RES ADJUDICATA—*Inquiry on Appeal as to Whether Decision in First Action was Correct.*—Where the same cause of action presented in the second suit was presented in the first suit, and there decided upon demurrer adversely to the complainant, the appellate court cannot inquire in the second suit whether the court erred in sustaining the demurrer to the bill in the first suit, for the first litigation is finally ended.

4. FORMER ADJUDICATION OR RES ADJUDICATA—*Suits by Materialman Against General Contractor and Landowner—Mechanic's Lien—Case at Bar.*—In the instant case, complainant filed his bill against a general contractor and a landowner in the circuit court of Roanoke, alleging that he furnished building materials for the construction of a building by the general contractor for the landowner, and an assignment by the general contractor to him for the sum of $1,533.88, due the con-

tractor by the landowner, and prayed for a judgment for the amount due by virtue of the assignment, and for general relief. To this bill the landowner filed his plea of *res judicata*, setting up that the complainant had filed his bill in the corporation court of the city of Roanoke, alleging the same building contract, the indebtedness for building material, and that he had a mechanic's lien, the personal liability upon the part of the landowner for the building material furnished, and also the landowner's liability because of the order for $1,533.88, and the dismissal of this bill upon demurrer. These facts sufficiently appeared from the record.

*Held:* That the plaintiff was concluded by the final decree in the suit in the Corporation Court, and could not reopen the identical issues which were finally there determined.

Appeal from a decree of the Circuit Court of the city of Roanoke. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Jas. A. Bear,* for the appellant.

*Morris L. Masinter* and *C. S. McNulty,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellant filed his bill in the Circuit Court of Roanoke city against J. A. Cook and G. W. Austin, appellees, in August, 1919, alleging that as a dealer in lumber and building materials he supplied Austin as general contractor with material for the construction of a building for Cook, for which Austin became indebted to him in a considerable sum, and that by reason of an accounting had between Austin and Cook, the owner, on or before October 8, 1917, Austin gave an order or assignment in writing for the sum of $1,533.88

and delivered it to Cook, with directions to pay the appellant that sum of money on account of such indebtedness; that notice of the assignment was received by Cook, and that on that date and afterwards he owed Austin a sufficient amount to pay off and discharge that sum. He prayed for an accounting between Cook and Austin and for a judgment for the amount found to be due by virtue of that assignment, and for general relief.

To this bill Cook filed his plea of *res judicata*, setting up these facts: That theretofore, in March, 1918, the appellant had filed his bill in the Corporation Court of the city of Roanoke against these defendants, alleging the same building contract, the indebtedness to him for lumber and building material furnished for the building of the same house; that he had a mechanic's lien thereon which was valid under the Virginia statute; that there was a personal liability upon the owner, Cook, for the balance claimed by him to be due for labor and material furnished in the construction of the house, and that Cook was also liable to him because of the order for $1,533.88, which amount had been assigned to him by Austin, the general contractor; that to this bill the defendant, Cook, had filed a demurrer, which the court sustained, and July 12, 1918, dismissed the cause upon the ground that the complainant was not entitled to maintain the bill; that thereafter, on July 30, 1918, the complainant moved the trial court to be allowed to amend the seventh paragraph of his original bill, making more specific allegations as to such order and assignment; that the court refused to permit such amendment and entered a final decree sustaining the demurrer to the bill; that thereupon the appellant presented his petition for an appeal from that decree to this court, and that his appeal was denied.

All of these facts sufficiently appear from the record,

and the trial court being of opinion that the matters alleged in the complainant's bill have been heretofore fully adjudicated in the former suit, as shown by the defendant's plea, entered a decree striking the cause from the docket, thus sustaining the plea of *res judicata.* From this decree this appeal is taken.

[1] The only question involved here then is whether or not the plea of *res iudicata* is a bar to the prosecution of this suit.

There appears to be some confusion of thought and expression in many of the cases, indicating hopeless inconsistency—that is to say, there are expressions to the effect that all of the issues which were tendered and might have been decided in the first suit are presumed to have been determined, as well as expressions to the effect that only those issues which were specifically decided in the first suit are finally concluded by that judgment, and that to sustain or defeat the plea evidence may be introduced to establish the precise issues which were decided in the first suit.    We believe it to be manifest that these apparently inconsistent statements grow out of the failure to draw the distinction which has been so clearly drawn by the Supreme Court of the United States and many other courts.

In *Cromwell* v. *County of Sac,* 94 U. S. (4 Otto), 351, 24 L. Ed. 195, this is said:   "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action.    In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action.    It is a finality as to the claim

or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example: a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law, upon any ground whatever.

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus liti-

gated and determined. Only upon such matters is the judgment conclusive in another action."

In *Fayerweather* v. *Ritch*, 195 U. S. 300, 25 Sup. Ct. 58, 49 L. Ed. 193, this language is quoted and the doctrine repeated. It is there held that the effect as *res judicata* of a decree in a case in which the validity of certain releases was put in issue by the pleadings, and in which no judgment could properly have been rendered without a determination of that question, cannot be limited by the oral testimony of the trial judge, some six years after his decision, to the effect that, in deciding the case, he did not consider the validity of the releases. The same language is cited with approval in the recent case of *United Shoe Machinery Corporation* v. *United States* (April 17, 1922), 258 U. S. ——, 42 Sup. Ct., p. 366, 66 L. Ed. ——.

The same rule is recognized by this court in *Diamond State Iron Co.* v. *Alex. K. Rarig & Co.*, 93 Va. 595, 25 S. E. 894; *Miller* v. *Wills*, 95 Va. 353, 28 S. E. 337; *Dillard* v. *Dillard*, 97 Va. 436, 34 S. E. 60; *Ivey* v. *Lewis*, 133 Va. 122, 112 S. E. 712. This view is entirely consistent with the doctrine, for which many cases could be cited, that where the second action is on a different claim, or demand, or cause of action, there the judgment in the first suit operates as an estoppel only as to the points or questions which were actually litigated and determined. *Chrisman's Executrix* v. *Harman*, 29 Gratt. (70 Va.) 500, 26 Am. Rep. 387. We believe that it is possible to reconcile most, if not all, of the cases if this distinction is always clearly observed.

[2] In 15 R. C. L., "Judgments," section 438, page 962, this statement, amply supported by authority, is made: "It is well settled that there is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the

same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties." 4 A. L. R., note, 1174. A general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits. *W., O. & W. R. Co.* v. *Cazenove,* 83 Va. 752, 3 S. E. 433, 7 Gratt. (48 Va.) 230; *Brechlin* v. *Night Hawk Min. Co.,* 49 Wash. 198, 94 Pac. 928, 126 Am. St. Rep. 863; *People* v. *Harrison,* 253 Ill. 625, 97 N. E. 1092, Ann. Cas. 1913-A, 541, note; *Cain* v. *Union Cent. L. Ins. Co.,* 123 Ky. 59, S. W. 622, 124 Am. St. Rep. 313; 15 R. C. L., "Judgments," sec. 460, p. 986.

[3] Applying this rule to the question here presented, it is perfectly clear that this is the same cause of action which was presented in the first suit, which upon de-

murrer was upon the merits decided adversely to the appellant.    We cannot now inquire in this suit whether the court erred in sustaining the demurrer to the bill in the first suit, for that litigation is finally ended.    It is doubtless true that the demurrer should have been over-ruled and the bill held sufficient as to allegations that the order constituted an equitable assignment.    *Watson* v. *Brunner*, 128 Va. 623, 105 S. E. 97.    If error was then committed, it could have been corrected only by bill of review or by appeal to this court within the periods limited by statute.    The appellant did file his petition for an appeal, which was refused.    In that petition, however, he expressly stated that he was "not seeking to enforce a personal liability claim against the owner, J. A. Cook, named in this petition, but petitioner is relying solely upon his rights to enforce his mechanic's lien filed as a subcontractor under the terms and pro-visions" of the statute.

[4] The conclusion to us is irresistible that the plain-tiff is concluded by the final decree in the first suit, and cannot now reopen the identical issues which were finally there determined.    The cause of action is between the same parties, the order relied on here as an equitable assignment is the same order under which the same claim was also asserted in the bill in the former suit, and the proof necessary to sustain the claim would of necessity be identical with that which would have been necessary in the first suit.    The trial court committed no error in sustaining the plea.

*Affirmed.*