# Wytheville.

## R. M. GIMBERT v. NORFOLK SOUTHERN RAILROAD COMPANY.

June 13, 1929.

The opinion states the case.

*V. H. Kellam,* for the plaintiff in error.

*James G. Martin* and *C. M. Bain,* for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

In 1916, R. M. Gimbert, then an infant, about nine years old, instituted by J. H. Gimbert, his next friend,

an action against the Norfolk Southern Railroad Company in the Circuit Court of Princess Anne county, to recover damages for the loss of a leg which he alleged was caused by the railroad. company in negligently backing its train without any warning into a certain car containing gravel and pebbles.

The specific ground of negligence as set out in the declaration, which consisted of two counts, avers that "in and near said village of Kempsville, the said defendant did and does still maintain a certain main line track and a certain side track which is connected by switches with the said main line track; that said main line and side tracks are intersected and crossed by two certain public roads running parallel with each other and, to wit, within about one hundred or two feet of each other, and said two public roads are connected by a certain public road running parallel with the said tracks of the defendant and immediately adjacent to the said above mentioned side track.

"And the said plaintiff avers that, to wit, on the day and year aforesaid, the said defendant had placed and standing on said side track certain cars, one of which was loaded with crushed stone, pebbles or rocks; that standing and laying in the road parallelling the side track and alongside of the car containing crushed stone, pebbles and rocks, was a barrel. And the said plaintiff, an infant of tender years, to wit, eight years of age, too young to realize and appreciate the danger of his position, was standing upon said barrel and reaching in said car and in a chute extending therefrom over the said public road, to get pebbles and rocks therefrom.

"And the said plaintiff avers that the said defendant was operating one of its locomotives upon and along its main line and approaching said side track for the

purpose of entering said side track to take therefrom one of the said cars standing thereupon.

"Whereupon, it became and was the duty of the defendant to exercise ordinary care in the operation of said locomotive and in the coupling of said cars to prevent injury to others and particularly the plaintiff.

"Yet the said defendant, not regarding its duty in that behalf and wholly neglecting the same, did negligently, recklessly and carelessly, run the said locomotive into the switch and sidetrack and over and across the said public road intersection and crossing the said tracks at a high, dangerous and excessive rate of speed, and said defendant did negligently, careless and recklessly fail to sound any warning of its approach and entrance into said switch and sidetrack and road crossing, and said defendant did negligently, carelessly and recklessly fail to have at the rear end of its said locomotive any person to keep a lookout, and said defendant, after it became apparent that there was danger of striking and colliding with said cars upon said sidetrack with excessive force and violence, and when by the exercise of ordinary care the said locomotive could be stopped and slowed down in time to prevent said collision, negligently, carelessly and recklessly failed to exercise ordinary care to stop and slow its engine and avoid such collision, and said defendant, negligently, carelessly and recklessly ran and operated said locomotive into the said sidetrack so that the same was negligently, carelessly and recklessly caused and permitted to collide with the said cars standing upon the said sidetrack; and said locomotive was negligently, carelessly and recklessly caused to propel the said cars for a great distance, to wit, fifty feet, and said locomotive was negligently, carelessly and recklessly caused to immediately move again and in the direction from

which it had come and pulling said cars out upon the main track so that the chute was caused to strike against the switchstand of the defendant and knock the same down."

There was a demurrer to the declaration and to each count thereof, in which the plaintiff joined.

The grounds of demurrer were:

"Each count fails to show any negligence or fault on the part of defendant which would make it liable to plaintiff.

"Each count shows that plaintiff was injured through his own fault and negligence so that his claim is barred.

"Each count shows that plaintiff was a trespasser and wrongdoer at the time he got hurt, and shows that defendant owed no duty to prevent the accident.

"Each count is so vague and indefinite that the court and defendant cannot sufficiently understand the case relied on by the plaintiff."

The court sustained the demurrer to the declarations and to each count thereof but granted leave to plaintiff to file an amended declaration within thirty days.

No amended declaration was filed as provided by the court's order. Indeed, nothing was done for over a year when the plaintiff again appeared in court and again asked leave to file an amended declaration. Upon this motion the court entered the following order:

"In the Circuit Court of Princess Anne county, on Monday the 18th day of March, 1918.

"This day came again, the parties, by their attorneys, who have been fully heard on the plaintiff's motion for re-instatement, and to be allowed to file an amended declaration, though more than thirty days had elapsed since the time leave was granted to file the same by previous order herein, and the court having maturely considered said motion, doth overrule the same, and

refuse to allow said amended declaration to be now filed; therefore, it is considered by the court that this case be abated and dismissed, and that the defendant recover against the plaintiff its costs herein expended."

No appeal was taken from this order, and in 1927 when the plaintiff had attained his majority he brought the present action, which is the subject matter of this writ of error, in the Law and Chancery Court of the city of Norfolk.

The defendant filed a plea of *"res adjudicata"* which the plaintiff moved to strike out. This motion was overruled by the court and later the plea was sustained. It was from the order sustaining this plea that this writ of error was allowed.

We are confronted with the simple proposition as to whether the trial court erred in sustaining the plea of *res adjudicata*.

There was no error in the court's action. The demurrer in the original action went to the merits of the case. The court held that no case was stated in the declaration but gave the plaintiff leave to amend in thirty days and state a case if he could. This plaintiff failed to do and after thirty days the trial court had no further power over the case. A decision of an issue of law on a demurrer is a decision on the merits and constitutes *res adjudicata* as to any other proceedings where the same parties and the same issues are involved.

In *Brunner* v. *Cook*, 134 Va. 266, 114 S. E. 650, this court, quoting from 15 R. C. L. section 438, page 962, said: "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they

were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties." 4 A. L. R., note 1174. A general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits. *W., O. & W. R. Co.* v. *Cazenove*, 83 Va. 752, 3 S. E. 433; *Brechlin* v. *Night Hawk Min. Co.*, 49 Wash. 198, 94 Pac. 928, 126 Am. St. Rep. 863; *People* v. *Harrison*, 253 Ill. 625, 97 N. E. 1092, Ann. Cas. 1913-A, 541, note; *Cain* v. *Union Cent. L. Ins. Co.*, 123 Ky. 59 [93] S. W. 622, 122 Am. St. Rep. 313; 15 R. C. L., "Judgments," section 460, page 986.

"Applying this rule to the question here presented, it is perfectly clear that this is the same cause of action which was presented in the first suit, which, upon demurrer, was upon the merits decided adversely to the appellant. We cannot now inquire in this suit whether the court erred in sustaining the demurrer to the bill in the first suit, for that litigation is finally ended. It is doubtless true that the demurrer should have been overruled and the bill held sufficient as to allegations that the order constituted an equitable assignment. *Watson* v. *Brunner*, 128 Va. 623, 105 S. E. 97. If error was then committed, it could have been corrected only by bill of review or by appeal to this court within the periods limited by statute. * * *

"The conclusion to us is irresistible that the plaintiff is concluded by the final decree in the first suit, and cannot now reopen the identical issues which were finally there determined."

■ The demurrer (which was a general demurrer) now under consideration, filed in the Princess Anne case, went directly to the merits and substance of the case. Special demurrers, which anciently dealt with matters of form, of course are abolished in Virginia, and only matters of substance can be grounds for demurrer. (Code 1887, section 3272; Code 1919, section 6118.) And the demurrer was not for want of jurisdiction.

⸴ ■ The fact that in the case in the Circuit Court of Princess Anne county, after deciding the issue of law in favor of defendant, the court granted leave to file an amended declaration in thirty days, which leave was not taken advantage of, can in no wise change the situation. The only condition by which the plaintiff could have kept the case alive was by filing an amended and valid declaration within thirty days, and that time having expired and the term of court ended the case was finished, and the trial court had no further power over it.

As was said in *Winston* v. *Winston*, 144 Va. 848, at page 859, 130 S. E. 784, 787: "The decree of October 6, 1922, at the end of thirty days from its date became final. Within that time an amended bill might have been filed but not afterwards; and the finality of that decree is not affected by the fact that the court was called upon afterwards to determine if its conditions had been compiled with. *London Co.* v. *Moore*, 98 Va. 256, 35 S. E. 722."

■ ■ The fact that the plaintiff was an infant at the time of the decision of the Princess Anne case, in the absence of fraud (and none is charged), makes no difference. An infant may sue in Virginia (Code, section 5331), and having sued he is bound to the same degree and the same extent as an adult. In *Harrison* v.

*Wallton*, 95 Va. 721, 30 S. E. 372, 64 Am. St. Rep. 34, it is said: "It is well settled with us that an infant, as a general rule, is as much bound by a decree against him as a person of full age. The law recognizes no distinction between a decree against an infant and a decree against an adult. And therefore it is that an infant can impeach only upon the grounds which would invalidate it in the case of another person, such as fraud, collusion or error. *Zirkle* v. *McCue*, 26 Gratt. 517, 528; *Pennybacker* v. *Switzer*, 75 Va. at page 671; 1 Minor's Inst. at pages 507-8."

We see no error in the decision of the trial court and it is affirmed.

*Affirmed.*