## CIRCUIT COURT OF THE CITY OF RICHMOND

English Boiler & Tube, Inc.

v.

Adirondack Combustion
Technologies, Inc.

February 15, 2002

Case No. LC-2655-1

By Judge Randall G. Johnson

The issue presently before the court is whether the plaintiff is precluded by res judicata from proceeding with this lawsuit. It is defendant's position that plaintiff's claim has already been adjudicated in New York state and that the instant action must be dismissed.

The motion for judgment in this court was filed on October 29, 1997. In the motion for judgment, English Boiler & Tube, Inc. ("English Boiler") claims that Adirondack Combustion Technologies, Inc. ("Adirondack"), which is a New York corporation, breached two separate contracts between the parties. Damages in the total amount of $22,116.68, plus interest, are sought. Service of the motion for judgment was requested by English Boiler through the Secretary of the Commonwealth pursuant to Va. Code § 8.01-328.1(A), which allows service on nonresidents under the circumstances set out in the statute. The Secretary's certificate of compliance (*see* Va. Code § 8.01-329(C)) was filed on November 17, 1997. On February 10, 1998, no responsive pleadings having been filed, English Boiler filed a motion and notice of hearing for default judgment. Default judgment was entered on March 10, 1998.

On December 13, 2000, after English Boiler commenced collection proceedings against Adirondack, Adirondack filed a notice of hearing to argue

a motion to set aside the default judgment. After the hearing, the court determined that the address for Adirondack provided by English Boiler in the affidavit submitted to the Secretary of the Commonwealth as required by Va. Code § 8.01-329(B) was not the last known address for Adirondack known to English Boiler and that, by not providing the last known address, English Boiler did not comply with the statute. As a result, the default judgment was set aside. The order setting aside the default judgment was entered on February 20, 2001. On June 14, 2001, English Boiler filed another motion for default judgment, Adirondack still having failed to file responsive pleadings. Adirondack responded to the motion by claiming that it had appeared specially to challenge service and that it still had not been properly served. Default judgment was denied. Adirondack filed its plea of res judicata, which is the plea now before the court, on October 5, 2001. A hearing was held on February 6.

Adirondack has submitted with its plea several pleadings, portions of transcripts, orders, and other papers from litigation between these same parties in New York. English Boiler concedes that the papers are authentic. From them, it appears that on April 1, 1997, seven months before the filing of this action, Adirondack filed suit against English Boiler in the Supreme Court of New York, County of Schenectady. The suit alleged that English Boiler had failed to pay Adirondack two sales commissions, one of $10,000 and one of $20,000, for selling two of English Boiler's boiler systems. Damages in the total amount of $30,000 were sought. English Boiler filed an answer on or about June 10, 1997, denying that it was indebted to Adirondack. At the same time, which was still more than four months before this action was filed, English Boiler filed five counterclaims, which the parties have stipulated contain all of the claims made by English Boiler in the present action. The court has read the New York counterclaims and agrees with the stipulation.

On May 14, 1999, Adirondack filed a motion for summary judgment in the New York action. On June 11, 1999, the New York court heard oral argument and announced its decision from the bench. In the course of giving its decision, the court said the following:

> [T]he service rep agreement in fact does say that, as [English Boiler] points out, that [Adirondack] or the service rep was to do all servicing for its customers within the territory not requiring company personnel. I believe and it's my view that based upon the fact that the components for this particular boiler were changed, that it was not incumbent upon [Adirondack] to perform these services. . . .

There is no offset that would be appropriate, there is no issue of fact between these people, and both of these sums are due and I'm going to grant summary judgment on both.

English Boiler's counterclaims in New York and its motion for judgment in this court contain allegations that Adirondack failed to provide a manufacturer's representative and other personnel to perform training and warranty work as required by the parties' contract.

On September 10, 1999, the New York court entered its written order and judgment. The order begins with the following language:

Upon reading and filing the Notice of Motion for Summary Judgment brought by [Adirondack] . . . and the Affidavit in Support of Motion for Summary Judgment . . . and [Adirondack's] Memorandum of Law filed in support thereof, and [English Boiler's] Affidavit in Opposition . . . and Memorandum of Law filed in opposition therefore [*sic*] . . . and all of the papers heretofore filed herein . . . and this motion having come on to be heard on that date and [Adirondack] having appeared in support of said motion, by its attorney . . . and [English Boiler] having appeared in opposition thereto by [its attorney] and argument having been heard. . . ."

After the above order was entered, English Boiler returned to court in New York to seek relief from the order based on the action pending here. On September 22, 2000, its request was denied. In making its ruling from the bench, the court opined that Virginia courts were without jurisdiction since there was no activity in Virginia related to the contract. The court then said:

And beyond that, the fact that there was an action pending here, and all of the issues, both Claim and Counterclaim were asserted in this action, and in the midst of that action another action is commenced in another state which results in a judgment, to me is inappropriate; and I believe that the judgment here that I rendered judicially estopped the enforcement of the judgment in the State of Virginia.

At the time of the New York court's decision quoted above, the default judgment entered by this court had not been set aside.

Based on all of the above, the court agrees with Adirondack that the New York judgment has res judicata effect on the case now pending in this court. The present case will be dismissed.

Professor Bryson says the following about the doctrine of res judicata in Virginia:

> The practical significance of a judgment is its finality. A judgment is worth very little as long as it can be reversed, set aside, or even modified. The doctrine of res judicata gives meaningful finality to judgments by declaring that matters of fact and law once adjudicated between the parties to a lawsuit cannot be judicially reconsidered. The prevailing party has a right to a judgment that is final and enforceable. . . .
>
> A person may sue another person only once on a particular claim; the final judgment in that lawsuit is res judicata as to all future litigation. The matters of law and of fact that have been determined cannot be relitigated. A final judgment for a defendant is said to bar further litigation of the same matter. If there is a final judgment for a plaintiff, any further litigation is said to be merged into that judgment. If the second cause of action is different from the first, but the parties are the same, there can be no reconsideration of any matters of fact or law already determined between them. These matters will be taken as established, and the trial will be limited to the other points in dispute. . . .
>
> A single cause of action cannot be split up; the separate parts of a suit cannot be litigated singly. Any part of a cause of action that could have been made an issue but was not is finally concluded by the final judgment. This rule includes defenses as well as claims.

W. Hamilton Bryson, *Bryson on Virginia Civil Procedure* 478-79 (3d ed. 1997).

Professor Bryson's observations are amply supported by the cases. In *Brunner v. Cook*, 134 Va. 266, 114 S.E. 650 (1922), our Supreme Court said:

> When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties.

134 Va. at 272 (*quoting* 15 R.C.L., *Judgments*, 438, p. 962).

In *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 97 S.E.2d 759 (1957), the Court said:

> Generally speaking, the factors necessary to invoke successfully the defense of res adjudicata are stated thus in the following authorities:
>
> "A judgment on the merits, fairly rendered, by a court of competent jurisdiction, having cognizance both of the parties and the subject matter, however erroneous it may be, is conclusive on the parties and their privies until reversed or set aside in a direct proceeding for that purpose and is not amenable to collateral attack." 8 M.J., *Former Adjudication*, § 10, p. 581.
>
> "A judgment is not res adjudicata if it does not go to the merits of the case. To constitute a bar, it must appear either upon the face of the record or be shown by extrinsic evidence that the previous question was raised and determined in the former suit and that the former suit was determined on its merits." 8 M.J., *Former Adjudication*, § 12, p. 584.
>
> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." 50 C.J.S., *Judgments*, § 627, p. 52.
>
> "The true test of the conclusiveness of a former judgment with respect to particular matters is identity of issues. If a particular point or question is in issue in the second action and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point was in issue and adjudicated in the first suit. . . ." 50 C.J.S., *Judgments*, § 719, p. 198; 30 Am. Jur., *Judgments*, § 172, p. 914.

199 Va. at 133-34.

A general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits. *W. O. & W. RR. v. Cazenove*, 83 Va. 744, 752, 3 S.E.433 (1887); *Brunner v. Cook, supra*, 134 Va. at 272. So, too, is a dismissal based on the statute of limitations. *Raub v. Otterback*, 92 Va. 517, 519, 23 S.E. 883 (1896); *Thomas v. Consolidation Coal Co.*, 380 F.2d 69, 80 (4th Cir. 1967). Even the dismissal of an action on the basis of res judicata, even if such dismissal was

erroneous, is a decision on the merits for purposes of res judicata in a subsequent action. 380 F.2d at 80. Although the court has been cited to no case that holds that summary judgment is a decision on the merits for purposes of determining whether res judicata applies, the cases just cited make it obvious that it is. In addition, res judicata applies to foreign judgments as well as to judgments of the forum state. *Oehl v. Oehl*, 221 Va. 618, 272 S.E.2d 441 (1980). *See generally* 8B M.J., *Former Adjudication*, § 62.

It is clear that res judicata applies here. Not only do the pleadings in the New York action conclusively show that every claim made by English Boiler in the present action was also made in New York, the court's decision in New York specifically addressed each claim. When he rendered his oral decision from the bench on June 11, 1999, the judge in New York specifically referred to the "service rep agreement" which, according to English Boiler's motion for judgment in Virginia and its counterclaims in New York, required Adirondack to furnish a manufacturer's representative and other personnel to provide training and warranty service under the parties' contract. The judge found that "it was not incumbent upon [Adirondack] to perform these services. . . ." The judge further found that "there is no offset that would be appropriate, there is no issue of fact between these people, and [Adirondack's claimed commissions] are due and owing. . . ."

In addition, English Boiler fully participated in the New York proceeding. It not only filed its counterclaims, it also filed an affidavit and memorandum in opposition to Adirondack's motion for summary judgment. It orally argued its position. The written order and judgment entered by the New York court even states that "*all* papers heretofore filed" (emphasis added) were considered by the court and that oral argument was heard before the court rendered its judgment. Without question, English Boiler had its day in court in New York.

Finally, if there were any doubt about whether the New York court intended to dispose of English Boiler's counterclaims there, and this court does not believe there is any doubt, it was completely erased at the hearing in New York on September 22, 2000, when the judge said:

> [T]he fact that there was an action pending here, and all of the issues, both *Claim and Counterclaim were asserted in this action* . . . and I believe that the judgment here that I rendered judicially estopped the enforcement of the judgment in the State of Virginia.

Emphasis added.

The present action will be dismissed.