# CIRCUIT COURT OF FAIRFAX COUNTY

Aida Kalley
and Aboubacar Kalley

v.

Long & Foster
Real Estate, Inc.,
George Koutsoukos,
and Daniel O'Sullivan

September 19, 2007

Case No. CL-2007-0004769

BY JUDGE ARTHUR B. VIEREGG

This cause came before me on August 17, 2007, on Defendants' Motion to Dismiss for Lack of Jurisdiction. At the conclusion of the hearing, I took the matter under advisement. After considering the written briefs, the oral arguments presented, and the governing case law, my decision follows.

*Background*

On April 23, 2007, Aida and Aboubacar Kalley filed this cause of action against Long & Foster Real Estate, Inc., George Koutsoukos, and Daniel O'Sullivan. On May 11, 2007, the Defendants filed a joint demurrer contending the Kalleys failed to state a claim against any Defendant. The Kalleys filed an opposition contesting the demurrer on the merits, and, in the alternative, seeking leave to file an amended complaint. A copy of the amended complaint was attached to the opposition.

On June 8, 2007, this Court sustained Defendants' demurrer and entered an order ("the June 8 order") which provided: "Plaintiffs are granted leave to file an Amended Complaint within 21 days from the entry hereof." The June 8 order did not contain language dismissing the case if the Kalleys failed to file an amended pleading within the specified period.

On July 3, 2007, four days after the 21 day period specified in the June 9 order had passed, the Kalleys without leave of court filed a "courtesy-copy" of the amended complaint initially attached to their opposition to the demurrer.

Defendants then brought the motion to dismiss currently before this Court. They principally argue that, pursuant to Rule 1:1 of the Virginia Supreme Court, this court no longer has jurisdiction over the matter because (i) the June 8 order became final when the Kalleys failed to file an amended complaint within the time period specified in the June 8 order, and (ii) 21 days had elapsed after the June 8 order had become final.

*Analysis*

A: *Legal Efficacy of the Kalleys' Amended Pleading Filed June 1, 2007*

The Kalleys first argue that, because they attached the amended complaint to their opposition to Defendants' demurrer, they filed the complaint with leave of court pursuant to the June 8 order.

Rule 1:8 of the Supreme Court of Virginia precludes parties from amending then-filed pleadings without leave of court, but instructs judges that "leave to amend shall be liberally granted in furtherance of the ends of justice." Va. Sup. Ct. R. 1:8 (2003). An amended pleading filed without leave of the court is "without legal efficacy." *Mechtensimer v. Wilson*, 246 Va. 121, 122 (1993). As such, a court does not have jurisdiction to adjudicate any matter alleged in an unauthorized pleading. *Id.*

Prior to the Kalleys' attachment of their amended complaint to their opposition to Defendants' demurrer, the court had not entered an order granting the Kalleys leave to file an amended pleading. Furthermore, the June 8 order contained no language authorizing the filing of the attached amended pleading.

Because the amended complaint filed as an attachment on June 1 was filed without leave of court, it is "without legal efficacy" pursuant to Rule 1:8 and *Mechtensimer*.

B. *Finality of the June 8 Order*

Pursuant to Rule 1:1 of the Supreme Court of Virginia, a trial court loses jurisdiction over a case 21 days after the entry of a final order. Va. Sup. Ct. R. 1:1 (2003). This case therefore turns on whether the June 8 order sustaining Defendants' demurrer but allowing the Kalleys to file an amended pleading within 21 days became final when the Kalleys thereafter failed to file an amended complaint before the expiration of the time period specified in the order.

Three well-settled principles have emerged in Virginia jurisprudence regarding the finality of an order sustaining a demurrer. First, an order sustaining a demurrer that does not grant leave to amend is not a final order unless it also includes specific language dismissing the case. *Bibber v. McCreary*, 194 Va. 394, 395 (1952) ("An order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, in order to be final . . . *must go further and dismiss the case.*" (emphasis added); *Gillespie v. Coleman*, 98 Va. 276 (1900) ("The sustaining or overruling of a demurrer to a declaration is not final. To make it final . . . there must be a judgment of dismissal.").

Second, an order sustaining a demurrer that grants leave to amend but does not specify a deadline by which the amended pleading must be filed is not a final order. *Baber v. Page*, 137 Va. 489, 490-91 (1923).

Third, an order that sustains a demurer dismisses the case unless the plaintiff files an amended complaint within a specified amount of time and after which no amended complaint is filed becomes final at the expiration of the specified period. *Norris v. Mitchell*, 255 Va. 235, 238 (1998); *London-Virginia Min. Co. v. Moore*, 98 Va. 256, 257 (1900).

The present case does not fall squarely within the pleading pattern of the decisions enunciating the foregoing three principles. Here, the June 8 order granted the Kalleys leave to amend within a prescribed time frame but did not explicitly dismiss the case if they failed to do so. The Supreme Court of Virginia has discussed this relatively narrow issue twice. *Gimbert v. Norfolk Southern RR.*, 152 Va. 684 (1929); *Griffin v. Griffin*, 183 Va. 443 (1945).

In *Gimbert*, Mr. Gimbert, a minor, through his next friend, sued to recover for injuries he suffered in a railroad accident. *Gimbert*, 152 Va. at 685-86. The trial court granted the defendant railroad company's demurrer and granted Mr. Gimbert leave to file an amended complaint within thirty days. *Id.* at 688. Approximately nine years later, Mr. Gimbert, then an adult, brought a new action alleging the same cause of action against the same railroad company. *Id.* at 689. The railroad company filed a plea of res judicata.

The trial court sustained it. *Id*. On appeal, the Supreme Court affirmed, holding that, because the trial court's order sustaining the railroad company's demurrer constituted a final decision on the merits, the order precluded the court from hearing the same cause of action involving the same parties. *Gimbert*, 152 Va. at 689. In support of its conclusion, the court reasoned:

> The demurrer in the original action went to the merits of the case. The court held that no case was stated in the declaration, but gave the plaintiff leave to amend in 30 days and state a case, if he could. This plaintiff failed to do, and after 30 days the trial court had no power over the case. A decision of an issue of law on a demurrer is a decision on the merits, and constitutes *res adjudicata* as to any other proceedings where the same parties and the same issues are involved.

*Id*.

The facts in *Griffin* were essentially the same as those in *Gimbert*. Ms. Griffin filed a bill of complaint seeking a divorce. *Griffin*, 183 Va. at 446. The court sustained her husband's demurrer to the bill, but allowed Ms. Griffin sixty days in which to file an amended complaint. *Id*. After the sixty-day period expired, Ms. Griffin filed a second original bill of complaint, which set forth the same cause of action as the first bill. *Id*. Mr. Griffin entered a plea of *res judicata*, which the court sustained. *Id*. at 447. On appeal, the Supreme Court quoted the language above from *Gimbert* and held that the same reasoning applied to such orders in divorce cases. *Id*. at 450-51.

After reviewing the case law and the parties' arguments, I conclude *Gimbert* and *Griffin* are not dispositive of the present motion for one cardinal reason: when those cases were decided, a trial judge's authority to enter an order in a given case "expired with the adjournment of the term at which final judgment is entered therein, except when extended by statute." *Virginia Home for Incurables v. Coleman*, 164 Va. 230, 243-44 (1935). Therefore, the reason the trial court in *Gimbert* "had no power over the case" was that the term of court during which the court sustained the demurrer had expired. *See Gimbert*, 152 Va. at 691 ("The only condition by which the plaintiff could have kept the case alive was by filing an amended and valid declaration within thirty days, and that time having expired and *the term of court ended*, the case was finished, and the trial court had no further power over it.") (emphasis added). Because Virginia circuit courts no longer statutorily lose jurisdiction with the "adjournment of a term," *see McCleskey v. Harlfinger*, 36 Va. Cir. 170, 174 (1995) ("[i]t is quite likely that the Supreme Court's decisions in [*Gimbert* and

*Griffin*] were largely premised upon the ending of the term of court in which leave was granted and the fact that, under the law as it then existed, proceedings could not be continued from one term of court to the next."), *Gimbert* and *Griffin* no longer are dispositive of the issue before me.

Therefore, *Bibber* and *Gillespie* control. An order sustaining a demurrer is only final if accompanied by language expressly dismissing the case. I conclude the June 8 order sustaining Defendant's demurrer did not become final even after the Kalleys failed to file an amended pleading within the time period specified. Defendants' Motion to Dismiss is denied.